■  In the Matter of DEPARTMENT OF SOCIAL SERVICES, Respondent, v JEFFREY M. CARO, Appellant.—In a support proceeding pursuant to article 4

of the Family Court Act, the father appeals from an order of the Family Court, Suffolk County, dated March 20, 1978, which directed him to make child support payments in the amount of $401 per month. Order reversed, on the law, without costs or disbursements, and proceeding remitted to the Family Court for further proceedings consistent herewith. Pending entry of a new order of support, appellant is directed to continue making payments of $401 per month as per the order appealed from, except that such payments shall be made to Mrs. Caro (see Family Ct Act, § 571, subd 3). Bernadette Caro and appellant, Jeffrey Caro, were married in 1971. Two children were born of the marriage. In December, 1976 Mrs. Caro left the marital premises along with her children. Appellant thereupon commenced an action for divorce and Mrs. Caro counterclaimed for divorce. Finally, a separation agreement was executed, which resulted in child support payments to Mrs. Caro in the amount of $216 per month. The support provision of the separation agreement was incorporated into the judgment of divorce subsequently awarded to appellant. No inquiry was made as to the adequacy of the amount of support. In August, 1977 Mrs. Caro left her part-time job and applied for public assistance. The Department of Social Services made a grant of $475 per month for Mrs. Caro and her children. In so doing it received an assignment of the children's rights to support (see Social Services Law, § 349-b). This proceeding was then commenced by the department against the appellant father to modify the support provisions of the judgment of divorce and to shift the burden of supporting the children from the taxpayers to appellant (see Family Ct Act, § 571). At the trial, testimony was taken to determine an appropriate award of support. An employee of the Department of Social Services presented two formulas by which it arrives at the amount granted to support two children. These formulas were based solely on the number of persons in the household and did not consider the individual needs of the applicants. The Family Court selected the formula which would bring a larger award to the children, determined that appellant could afford increased payments and ordered him to pay $401 per month to the support collection unit of the Family Court. This procedure was improper. Rather than rely on the support formulas of the Department of Social Services, the Family Court should have made its award based upon the specific needs of the children. Accordingly, the Family Court should inquire as to those needs to arrive at the most accurate award possible. Appellant challenges the Family Court's award in this case because there was no showing of changed circumstances which would warrant a modification (see Family Ct Act, § 461, subd [b], par [ii]; *Matter of Boden v Boden*, 42 NY2d 210). Here, Mrs. Caro's loss of employment and subsequent receipt of public assistance constituted a change of circumstances. Indeed, where a party to a separation agreement or matrimonial decree becomes a recipient of public assistance, it is presumptive evidence of a change in circumstances. It has come to our attention that Mrs. Caro has found employment since the order appealed from was entered in the Family Court. Her family is no longer receiving public assistance. While we note that the statute contemplates such a situation and directs that support payments be made directly to the family (see Family Ct Act, § 571, subd 3, par [a] [L 1978, ch 456, § 14]), the Family Court, on remand, should examine Mrs. Caro's earnings to see if she is able to absorb a portion of the cost of supporting her children and should also determine, based upon the needs of the children, what increase, if any, should be made in appellant's support obligations. Latham, J. P., Titone, Margett and Hawkins, JJ., concur.