■ In the Matter of JOSEPH F. GERAGHTY, Respondent, v JOSEPH M. REILLY, Respondent, and EDWARD V. REGAN, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination by the New York State Employees Retirement System, dated October 19, 1984, which denied the petitioner's request to include his service in the New York City Fire Department in the computation of his New York State retirement benefits, Edward V. Regan appeals from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated August 14, 1985, as granted the petitioner leave to serve a written demand upon the New York State

Comptroller for a hearing as provided in Retirement and Social Security Law § 74.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and leave to serve a written demand upon the Comptroller for a hearing as provided in Retirement and Social Security Law § 74, is denied.

The petitioner sought review of a determination of the New York State Employees Retirement System (hereinafter the State retirement system), which denied his request to credit certain time during which he was employed as a New York City fireman in calculating his New York State retirement benefits. Subsequent to his employment with the New York City Fire Department, the petitioner worked in an administrative capacity for the County of Nassau Department of General Services. Prior to his retirement from the county, he sent an application to the State retirement system containing his request for recalculation. He received a letter dated October 19, 1984, which, in effect, denied this request. On or about February 19, 1985, he commenced this proceeding to review this "final determination". The appellant moved to dismiss the proceeding pursuant to Retirement and Social Security Law § 74, on the ground that the petitioner failed to exhaust his administrative remedies by requesting a redetermination as set forth in Retirement and Social Security Law § 74 (d), which provides as follows: "At any time within four months after the mailing of such notice, the applicant or his counsel may serve a written demand upon the comptroller for a hearing and redetermination of such application".

Special Term dismissed the petition for failure to exhaust administrative remedies but granted the petitioner leave to serve a written demand upon the New York State Comptroller pursuant to Retirement and Social Security Law § 74 (d), although the petitioner's time to do so had long since expired. We delete this provision. "While the court may remit a matter to an administrative agency to correct an error of judgment, a mistake in the record or to take additional testimony *(Matter of Schoenstein v McGoldrick,* 279 App Div 395, 397 *[rearg and lv denied* 279 App Div 906]), the remand must be consistent with established legal principles and in accordance with statutory power conferred upon that body" *(Matter of Matinzi v Joy,* 96 AD2d 780, 781, *affd* 60 NY2d 835). By granting the petitioner leave to serve a demand pursuant to Retirement and Social Security Law § 74 (d), Special Term abrogated the four-month limitation period contained therein. The petition-

er's contention that the October 19, 1984, letter from the State employees retirement system did not constitute a "determination" is inconsistent with his position before Special Term and cannot be pursued on appeal *(see, Wein v Levitt,* 42 NY2d 300; 4 NY Jur 2d, Appellate Review, § 406). In any event, we find that this letter did constitute a "determination" pursuant to Retirement and Social Security Law § 74 (c). The petitioner's other contentions on appeal are without merit. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.