■ In the Matter of LOUISE DOWSETT, Respondent, v DONALD K. DOWSETT, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the respondent former husband appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (De Maro, J.), entered August 21, 1989, as denied his objections to so much of an order of the same court (O'Shea, H.E.), entered May 2, 1989, as granted the application of the petitioner for an upward modification of the amount of alimony fixed in a prior judgment of divorce between the parties.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the proceeding at bar, the Department of Social Services sought an order increasing the amount of alimony the petitioner's former husband must pay as she is a recipient of public assistance. This application effectively sought to reallocate the burden of support between the Department of Social Services and the former husband.

Upon our review of the record, including the former husband's financial documents, we find that the Family Court

properly determined that he was capable of bearing a greater portion of his former wife's support *(see, Dunn v Dunn,* 124 AD2d 309) and that the Department of Social Services, on behalf of the former wife, was entitled to an upward modification of alimony given her status as a recipient of public assistance *(see, Matter of Department of Social Servs. v Caro,* 65 AD2d 811, 812).

We note that to the extent the former husband has raised for the first time on appeal constitutional arguments against the increase, those arguments are not properly before us *(see, Melahn v Hearn,* 60 NY2d 944, 945; *Matter of Tiffany B.,* 111 AD2d 168, *lv denied* 65 NY2d 606, *cert denied* 474 US 862). Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.