■ In the Matter of RICHARD DAUBMAN, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents. [601 NYS2d 14] —In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission, dated April 27, 1990, disqualifying the petitioner from eligibility for appointment to the position of Nassau County Police Officer, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Molloy, J.), dated March 25, 1991, which dismissed the proceeding on the merits.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the petitioner is reinstated to the status of an eligible candidate for the position of Nassau County Police Officer.

The petitioner, a Westchester County Police Officer, applied for a position with the Nassau County Police Department. After passing the requisite examinations for the position, the petitioner was disqualified from eligibility by the Nassau County Civil Service Commission (hereinafter the Commission) based solely upon a routine back X-ray which revealed the presence of an asymptomatic back condition known as bilateral spondylolysis. The petitioner challenged the disqualification, submitting substantial medical and other documentary evidence demonstrating that he suffered no impairment or disability and could fully perform the duties of a police officer. The Commission's examining physicians essentially agreed with these findings, but nevertheless speculated that the

petitioner's condition might render him more susceptible to a serious disability if he suffered a back injury at some point in the future. Hence, the Commission adhered to the disqualification of the petitioner. This proceeding ensued, and the Supreme Court subsequently dismissed the petition. We reverse.

The petitioner contends that the determination under review constitutes unlawful discrimination. We find unpersuasive the contention that the petitioner's present discrimination argument is unpreserved for appellate review. While as a general rule an appellate court will not consider an issue which was not raised in the court of first instance *(see, Matter of Dowsett v Dowsett,* 172 AD2d 610; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757), such an issue is reviewable where "the question presented is one of law which appeared upon the face of the record and which could not have been avoided by the respondents if brought to their attention at the proper juncture" *(Libeson v Copy Realty Corp.,* 167 AD2d 376, 377; *see, Block v Magee,* 146 AD2d 730). The petitioner's discrimination argument raises no new or additional facts, but simply places the existing facts within the framework of the Human Rights Law *(see,* Executive Law art 15). Furthermore, the claim is meritorious and could not have been overcome had it been asserted in the court of first instance. Indeed, there was no showing that the petitioner's condition renders him incapable of performing in a reasonable manner the activities involved in being a police officer *(see,* Executive Law § 292 [21]; § 296). Rather, the Commission improperly disqualified the petitioner based on his mere membership in a class of persons with the same condition instead of upon an individualized assessment of his particular abilities *(see, Matter of Miller v Ravitch,* 60 NY2d 527, 532). Moreover, the Commission's determination was premised solely upon speculation regarding possible future disability, and the record contains no concrete medical evidence demonstrating that the petitioner would likely be rendered unfit to perform police duties in the future as a consequence of his condition *(see, Matter of Antonsen v Ward,* 77 NY2d 506; *Matter of State Div. of Human Rights [Granelle],* 70 NY2d 100).

Even if we did not review the petitioner's argument regarding discrimination, we would in any event find the Commission's determination to be arbitrary and capricious because it is premised upon speculation rather than fact *(see generally, Matter of Antonsen v Ward, supra; Matter of State Div. of Human Rights [Granelle], supra).* Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.