■ In the Matter of HEADQUARTERS AUTO SUPPLY, INC., et al., Respondents, v GASTON SILVA et al., Appellants. [629 NYS2d 469] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated April 27, 1993, which denied the petitioners' application for a use variance, the appeal is from a judgment of the Supreme Court, Queens County (Milano, J.), dated January 5, 1994, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs,

the determination is confirmed, and the proceeding is dismissed on the merits.

The appellants correctly contend, contrary to the determination of the Supreme Court, that the petitioners were required to obtain a variance for newly-constructed extensions to an automobile repair shop regardless of whether or not that repair shop constituted a prior nonconforming use *(see, Matter of Albert v Board of Stds. & Appeals,* 89 AD2d 960, 962; *see also, Matter of Rembar v Board of Appeals,* 148 AD2d 619). The petitioners do not contest this point.

It is well established that the courts may set aside a zoning board's denial of a variance only where the record reveals some illegality, arbitrariness, or abuse of discretion *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 608). The board's determination will be sustained if it has a rational basis and is supported by substantial evidence. Zoning boards are vested with great discretion and the court's function is limited *(see, Matter of Consolidated Edison Co. v Hoffman, supra).* Here, the record supports the appellants' contention that the petitioners failed to establish their entitlement to a variance pursuant to New York City Zoning Resolution § 72-21.

We have considered the petitioners' remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.