■ AMY LESTER, Appellant, v FRANCINE S. WATERMAN, as Executrix of RICHARD A. MATCH, Deceased, Respondent. (And a Third-Party Action.) [664 NYS2d 927] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 3, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of the third-party defendant Bay Park International Deli, Ltd., was injured when she fell down an interior staircase while on her way to retrieve cooking ingredients from the basement of the deli. The plaintiff sought

to recover damages from the out-of-possession landlord, alleging that he was negligent in his maintenance of the basement stairway.

The defendant made a prima facie showing of entitlement to judgment as a matter of law (see, CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). In response, the plaintiff failed to proffer any evidence to show the existence of triable issues of fact. The plaintiff claims that the premises violated various provisions of the State Uniform Fire Prevention and Building Code (hereinafter the Code) (9 NYCRR part 600 *et seq.,* eff Jan. 1, 1984), which had been adopted by the Town of Hempstead. However, the plaintiff failed to present evidence in admissible form to show that the premises, constructed prior to the promulgation of the Code, and therefore not subject to its provisions, had such alterations or repairs so as to be brought within the coverage of the Code (see, *Lesocovich v 180 Madison Ave. Corp.,* 81 NY2d 982).

The plaintiff's remaining contentions are without merit. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.