◼ In the Matter of JOHN PERLA, Appellant, v DAVID HELLER et al., Respondents. [674 NYS2d 93] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Amityville, dated October 17, 1996, which, after a hearing, granted the application of the respondent William Van Hoff for an area variance, the petitioner appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 10, 1997, as denied the petition and dismissed the proceeding, and (2) from an order of the same court, dated September 2, 1997, which denied his motion for reargument.

Ordered that the appeal from the order dated September 2, 1997, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment dated June 10, 1997, is reversed insofar as appealed from, without costs or disbursements, the determination of the Zoning Board of Appeals of the Village of Amityville is annulled, and the matter is remitted to the Zoning Board of Appeals of the Village of Amityville for further proceedings in accordance herewith.

The respondent William Van Hoff owned a boathouse with a boatslip on a piece of waterfront property located off Ocean Avenue in the Village of Amityville. It is undisputed that the boathouse constituted a nonconforming use under the current zoning law. During Van Hoff's renovation of the boatslip, the boatslip needed to be widened, necessitating a widening of the boathouse. However, during the work to the boatslip, the boathouse fell apart and was subsequently demolished. Van Hoff applied to the Zoning Board of Appeals of the Village of Amityville (hereinafter ZBA) for a variance for the reconstruction of a nonconforming boathouse. The ZBA treated Van Hoff's application as being one for an area variance, and granted the application. The appellant, who owns the property next to the boathouse, commenced the instant CPLR article 78 proceeding to annul the ZBA's determination.

It is well settled that local zoning boards have broad discretion in considering variance applications, and judicial review is limited to ascertaining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441, 444-445; Matter of Rosof v Bailin, 237 AD2d 612; Matter of Headquarters Auto Supply v Silva, 217 AD2d 626, 627; Matter of Kattke v Incorporated Vil. of Freeport, 200 AD2d 746, 747). Moreover, "[w]hen reviewing the determinations of a Zoning Board, courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (Matter of Sasso v Osgood, 86 NY2d 374, 384, n 2).

In the instant case, the ZBA erroneously treated Van Hoff's application as one for an area variance. The boathouse stood on a piece of property without a main dwelling on the same parcel in contravention of Amityville Village Code § 183-1 (B). However, since the boathouse had been constructed and had been continuously operated as a boathouse since before August 4, 1930, the date of the enactment of the Village Code, the boathouse constituted a nonconforming use (see, Amityville Village Code § 183-120). Therefore, the provisions of the Village Code governing nonconforming uses must be applied in this situation.

According to Amityville Code § 183-121 (B), "[a] building

devoted to a nonconforming use may be reconstructed or structurally altered to an extent not greater than fifty percent (50%) of the value of the building, exclusive of foundations, provided that no use in such building is changed or extended". Because the record in this case is silent as to whether fifty percent of the value of the building, exclusive of foundations, is to be reconstructed, the matter is remitted to the ZBA for such a determination (see, Matter of Geraghty v Reilly, 129 AD2d 704, 705). Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.