■ WAYDE R. KING, Appellant, v JNV LIMITED, Doing Business as DIX HILLS DINER, et al., Respondents. [713 NYS2d 225] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 6, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell while descending the front steps of the defendants' diner. He claims that his fall resulted from the slippery condition of the steps caused by rainy weather and the absence of a center handrail on the steps, allegedly in violation of the New York State Uniform

Fire Prevention and Building Code. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in entertaining the defendants' motion although it was made more than 120 days after the note of issue was filed (*see, Goodman v Gudi,* 264 AD2d 758).

In a slip and fall case, the plaintiff must show the existence of a hazardous condition and that the defendant created the condition or had actual or constructive notice of it (*see, Prisco v Long Is. Univ.,* 258 AD2d 451). The defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence demonstrating that they did not create a hazardous condition and did not have actual or constructive notice of such a condition (*see, Madrid v City of New York,* 42 NY2d 1039). In opposition to the motion, the plaintiff failed to come forward with evidence sufficient to raise any triable issues of fact. The evidence proffered by the plaintiff did not demonstrate that the defendants had notice of the alleged slippery condition (*see, Madrid v City of New York, supra*) or that the absence of a center handrail violated the current provisions of the New York State Uniform Fire Prevention and Building Code (*see, Prisco v Long Is. Univ., supra; Lester v Waterman,* 242 AD2d 683). O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.