■ In the Matter of the VILLAGE OF WESTBURY, Appellant, v ROD STRAEHLE et al., Respondents. [762 NYS2d 892] —In a proceeding pursuant to Village of Westbury Code § 83-16E to direct the removal or repair of an allegedly dangerous building, the petitioner appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (Cozzens, J.), entered February 5, 2002, as denied those branches of the petition which were to prohibit the respondents from entering the building, to authorize the petitioner to board up the building, and to authorize the petitioner to determine whether to demolish, permanently secure, or otherwise dispose of the building, and (2), an order of the same court, also entered February 5, 2002, as denied those branches of the petitioner's motion which were to prohibit the respondents from entering the building, to authorize the petitioner to secure the building, to authorize the petitioner to determine whether to demolish, permanently secure, or otherwise dispose of the building, and to enforce a determination of the Village of Westbury Board of Trustees, dated August 15, 2001.

Ordered that the orders are reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, the petition and motion are granted to the extent that the matter is remitted to the Village of Westbury Board of Trustees for further proceedings in accordance herewith, and the petition and motion are otherwise denied.

Although the petitioner commenced this proceeding pursuant to the Village of Westbury Code (hereinafter the Village Code), it subsequently conceded before the Supreme Court that the applicable law in this matter is the State Uniform Fire Prevention and Building Code (*see* 9 NYCRR 1153.1, hereinafter the Fire Code). Notwithstanding the petitioner's concession, it correctly argues on appeal that the applicable law is indeed the Village Code. The respondents' building is not subject to the Fire Code because it was constructed prior to 1984 and did not undergo any alteration which would have brought it within the coverage of the Fire Code (*see Lester v Waterman,* 242 AD2d 683, 684 [1997]; *Eidlitz v Village of Dobbs Ferry,* 97 AD2d 747 [1983]; *cf. Powell v Hope Community,* 280 AD2d 327 [2001]).

Given that the petitioner's Board of Trustees (hereinafter the Board), in conducting its hearing and in reaching its decision that the building is dangerous and unsafe, applied the criteria of the Fire Code, and not the Village Code, we remit this matter to the Board for new determinations consistent with the criteria set forth in the Village Code (*cf. Matter of Perla v Heller,* 251 AD2d 419, 420-421 [1998]).

"While as a general rule an appellate court will not consider an issue which was not raised in the court of first instance (*see, Matter of Dowsett v Dowsett,* 172 AD2d 610 [1991]; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757 [1985]), such an issue is reviewable where 'the question presented is one of law which appeared upon the face of the record and which could not have been avoided by the [respondents] if brought to their attention at the proper juncture'" (*Matter of Daubman v Nassau County Civ. Serv. Commn.,* 195 AD2d 602, 603 [1993], quoting *Libeson v Copy Realty Corp.,* 167 AD2d 376, 377 [1990]). S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.