■ ELAINE SWERDLOW, Respondent, v WSK PROPERTIES CORP. et al., Appellants. [772 NYS2d 864]—

In an action to recover damages for personal injuries, the defendant WSK Properties Corp. appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 8, 2003, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and the defendant Beneficial Finance Company cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly sustained injuries when she fell on the interior stairway of a building owned by the defendant WSK Properties Corp. (hereinafter WSK), and leased by the defendant Beneficial Finance Company (hereinafter Beneficial) due to a dangerous condition allegedly caused by, inter alia, inadequate lighting, absence of handrails, and steps of unequal heights.

WSK and Beneficial correctly contend that their evidence

established that the subject building was not under the purview of the New York State Fire Prevention and Building Code (hereinafter the Code), since it was built more than 50 years before the enactment of the Code (*see Vachon v State of New York,* 286 AD2d 528 [2001]; *Prisco v Long Is. Univ.,* 258 AD2d 451 [1999]; *Lester v Waterman,* 242 AD2d 683 [1997]). In opposition, the plaintiff failed to submit any evidence to raise an issue of fact as to whether the subject building underwent repairs or adjustments so as to bring it under the coverage of the Code (*see Vachon v State of New York, supra; Prisco v Long Is. Univ., supra; Lester v Waterman, supra*). However, the fact that the subject building did not fall under the scope of the Code only absolves the defendants of the mandatory duty that the Code might otherwise impose (*see Jacqueline S. v City of New York,* 81 NY2d 288, 294 [1993]). WSK and Beneficial, nevertheless, had continuing duties, as an owner and a possessor, respectively, to maintain the property in a reasonably safe manner (*see Jacqueline S. v City of New York, supra; Basso v Miller,* 40 NY2d 233 [1976]). Under the circumstances of this case, questions of fact exist as to whether, among other things, the absence of handrails and the presence of steps of unequal height contributed to the plaintiff's accident and whether WSK and Beneficial were negligent in failing to correct those conditions.

Moreover, WSK and Beneficial failed to meet their initial burden of establishing that they provided adequate lighting, that the alleged lack of adequate lighting was not a proximate cause of the accident, and that they had no notice of the alleged hazardous condition (*see Streit v DTUT,* 302 AD2d 450, 451 [2003]; *Telesco v Bateau,* 273 AD2d 894 [2000]; *Gonzalez v Metropolitan Life Ins. Co.,* 269 AD2d 495 [2000]). Accordingly, the Supreme Court properly denied WSK's motion and Beneficial's cross motion. Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.