■ WILLIAM MEEHAN, Appellant, v DAVID J. HODDER & SON, INC., Respondent, et al., Defendant. [788 NYS2d 134]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered July 28, 2003, which granted the motion of the defendant David J. Hodder & Son,

Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court entered November 18, 2003, which denied his motion, denominated as one for leave to renew and reargue the prior motion, but which was, in effect, for leave to reargue.

Ordered that the appeal from the order entered November 18, 2003, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered July 28, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant David J. Hodder & Son, Inc.

Contrary to the plaintiff's contention, the defendant David J. Hodder & Son, Inc. (hereinafter Hodder), satisfied its initial burden of showing that the edge of a metal pan, which was raised one-quarter inch over an adjacent mat, was a trivial defect that did not have any of the characteristics of a trap or snare (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Nathan v City of New Rochelle*, 282 AD2d 585 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact in response (*see Morris v Greenburgh Cent. School Dist. No. 7*, 5 AD3d 567 [2004]; *Hargrove v Baltic Estates*, 278 AD2d 278 [2000]; *Burstein v City of New York*, 259 AD2d 579 [1999]). His reliance on alleged violations of various provisions of the New York State Uniform Fire Prevention and Building Code (hereinafter the Code) was misplaced, as he did not show that these provisions were in effect at the time that Hodder's building was constructed, or that the building underwent repairs or adjustments which would bring it under the coverage of these provisions (*see Swerdlow v WSK Props. Corp.*, 5 AD3d 587 [2004]; *Matter of Village of Westbury v Straehle*, 307 AD2d 931 [2003]). Moreover, the various provisions of the Code, which the plaintiff argues were violated, were not applicable to his injury as the accident did not occur on a stairway.

The plaintiff's subsequent motion, denominated as one for leave to renew and reargue, was not based on new facts which were unavailable to him at the time of Hodder's motion for summary judgment. Therefore, the motion was, in effect, one for leave to reargue, the denial of which is not appealable (*see Ali v Tip Top Tows*, 304 AD2d 683 [2003]). Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.