█ MARY ANN NAVARRE, Appellant, v MARIE K. KETCHAM et al., Respondents. [996 NYS2d 681]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 5, 2013, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused her to fall (*see Martone v Shields*, 71 AD3d 840, 841 [2010]; *Lissauer v Shaarei Halacha, Inc.*, 37 AD3d 427 [2007]). Further, the defendants established that, in any event, the lack of a handrail was not a violation of the New York State Fire Prevention and Building Code or the Property Maintenance Code of the State of New York because the subject building was built before the enactment of the those codes (*see Swerdlow v WSK Props. Corp.*, 5 AD3d 587, 588 [2004]; *Matter of Village of Westbury v Straehle*, 307 AD2d 931 [2003]), and even if a handrail were required by law, its absence was not a proximate cause of the plaintiff's injury (*cf. Antonia v Srour*, 69 AD3d 666 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Martone v Shields*, 71 AD3d 840, 841 [2010]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Meehan v David J. Hodder & Son, Inc.*, 13 AD3d 593, 594 [2004]; *Lester v Waterman*, 242 AD2d 683, 684 [1997]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur. **[Prior Case History: 2013 NY Slip Op 30522(U).]**