■ ALIX LIEB, Respondent, v ENRIQUE GUZMAN et al., Appellants. [21 NYS3d 338]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated July 1, 2015, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained injuries when she fell while attempting to descend certain exterior stairs of premises located at 159 Depeyster Street in Sleepy Hollow, which were owned by the defendants. The plaintiff alleged that the top step had an excessive riser height and that the stairs lacked handrails.

The defendants satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law. The defendants established, prima facie, that they did not create the allegedly defective conditions with regard to the stairs, nor did they have actual or constructive notice of any allegedly defective conditions (*see Spindell v Town of Hempstead*, 92 AD3d 669 [2012]; *Truncellito v Carroll's Florist Corp.*, 28 Misc 3d 250, 253 [Sup Ct, Richmond County 2010]; *see also Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560 [2005]). Furthermore, the defendants established, prima facie, that the Multiple Residence Law and the New York State Uniform Fire Prevention and Building Code (hereinafter Building Code) did not apply to the subject premises, as they submitted proof that the subject premises was built in 1880, well before the effective dates of those statutes (*see* Multiple Residence Law § 11; *Swerdlow v WSK Props. Corp.*, 5 AD3d 587 [2004]; *Vachon v State of New York*, 286 AD2d 528, 531 [2001]; *Vega v Hastings Partners*, 248 AD2d 378 [1998]).

In opposition, the plaintiff failed to raise a triable issue of fact. In particular, under the circumstances of this case, the affidavits of the plaintiff's expert were insufficient to raise a triable issue of fact as to whether the subject stairs underwent reconstruction or alterations so as to fall under the purview of the Multiple Residence Law or Building Code (*see* Multiple Residence Law §§ 9 [3]; 4 [1]; *Swerdlow v WSK Props. Corp.*, 5 AD3d at 588).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.