■ LEVAN GHVINIASHVILI, Appellant, v DAVID JAROSLAWICZ, as Executor of HERSH JAROSLAWICZ, Deceased, et al., Respondents, et al., Defendants. [34 NYS3d 156]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated January 6, 2015, which granted the separate motions of the defendants David Jaroslawicz, as executor of the estate of Hersh Jaroslawicz, and Hersh Jaroslawicz Irrevocable Trust for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

This action arises out of injuries allegedly sustained by the plaintiff while he was working as a home health aide for Hersh Jaroslawicz, who is now deceased (hereinafter the decedent). On the evening of January 31, 2008, the plaintiff went to the balcony of the decedent's second-floor apartment to smoke a cigarette. Upon seeking to reenter the apartment, the plaintiff found that the door to the balcony had closed and he was locked out. After several unsuccessful attempts to gain reentry, the plaintiff jumped from the balcony and allegedly was injured.

The plaintiff thereafter commenced this action against the decedent and the Hersh Jaroslawicz Irrevocable Trust (hereinafter the trust). The decedent died in 2010, and David Jaroslawicz, as executor of the decedent's estate, was substituted for the decedent as a party defendant. After the completion of discovery, the decedent's estate and the trust (hereinafter together the respondents) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions, and the plaintiff appeals.

" 'In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence' " (*Steed v MVA Enters., LLC*, 136 AD3d 793, 794 [2016], quoting *Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]). A defendant may establish entitlement to judgment as a matter of law by demonstrating that it did not create the defect or have actual or constructive notice of any defective condition (*see Lieb v Guzman*, 134 AD3d 913 [2015]).

The respondents established their prima facie entitlement to judgment as a matter of law. In support of their respective motions, they submitted, inter alia, copies of the plaintiff's deposition transcript. At his deposition, the plaintiff testified that the balcony where the accident occurred was located off of the decedent's living room, on the other end of the apartment from

the decedent's bedroom. The door to the balcony was heavy wood, which could be locked from the inside by pushing a button. Prior to the occurrence, the plaintiff gave the decedent his medication in the decedent's bedroom. While the decedent ate a snack there, the plaintiff went out on the balcony to smoke a cigarette, as he had done many times before. As he went onto the balcony, he heard the decedent's daughter Esther speaking on a telephone from a common hallway downstairs—she was not in the apartment. He closed the door completely, to prevent smoke from going into the apartment. He was dressed in a T-shirt and shorts, and took only a cigarette and a lighter with him.

The plaintiff testified that, while he was on the balcony, he heard the balcony door open and shut, but he did not look to see who, if anyone, had opened and shut the door. Two to three minutes later, the plaintiff finished his cigarette, tried to open the balcony door, and realized that it was locked. The plaintiff noted that it was freezing rain outside, and there was no one outside on the street. There were no lights on in the ground-floor apartment or the third-floor apartment. The balcony was enclosed in a Sukkot enclosure, and he broke down one of the sides, climbed over the rails, and jumped to the ground 10 or 11 feet below, landing on both feet, and allegedly sustained personal injuries.

When the plaintiff returned to the decedent's apartment, the decedent was sitting on his bed, and no one else was present in the apartment. An ambulance was called, and the plaintiff told the paramedics that "accidently or otherwise the door to the balcony shut closed, and I had no other choice but to jump off it." The plaintiff testified that this was the first time that he had ever been locked out on the balcony.

The plaintiff's deposition testimony established, prima facie, that the respondents could not have had actual or constructive notice of any defect, as the plaintiff testified that he had used the subject balcony many times to smoke cigarettes, and this was the first time that he had ever been locked out. Further, the plaintiff did not identify a defect. The decedent's daughter was not a party to the action and there was no evidence that she was present in the apartment at the time of the incident. The decedent, who had difficulty walking, was in the bedroom on the other side of the apartment at the relevant time. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the respondents' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

The plaintiff's remaining contention need not be addressed in light of our determination. Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.