■ JOSEPH G. DeCARLO, Appellant, v THERESA E. VACCHIO et al., Respondents. [45 NYS3d 581]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered January 28, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly fell as he was descending the front steps of the defendants' two-family rental building, where he had been residing for more than 10 years. The plaintiff alleged that the absence of handrails prevented him from regaining his footing and caused him to go over the side of the stairs and land in the driveway below. In his bill of particulars, the plaintiff alleged both common-law negligence arising from the absence of handrails, as well as specific building code violations.

Contrary to the defendants' contention, the fact that the plaintiff was unable to explain what caused him to lose his balance does not require dismissal of the action in the face of triable issues of fact indicating that the absence of a handrail was a proximate cause of his injury (*see Boudreau-Grillo v Ramirez*, 74 AD3d 1265, 1267 [2010]; *Antonia v Srour*, 69 AD3d 666, 666-667 [2010]; *Asaro v Montalvo*, 26 AD3d 306, 307 [2006]).

The defendants established, prima facie, that the building was not subject to the particular code provisions relied upon by the plaintiff (*see Lieb v Guzman*, 134 AD3d 913, 914 [2015]; *Navarre v Ketcham*, 122 AD3d 811 [2014]; *Swerdlow v WSK Props. Corp.*, 5 AD3d 587, 588 [2004]). While the plaintiff failed, in opposition, to raise a triable issue of fact as to the alleged

code violations (*see Lieb v Guzman*, 134 AD3d at 914; *Swerdlow v WSK Props. Corp.*, 5 AD3d at 588), he raised, through admissible expert evidence (*see Zebzda v Hudson St., LLC*, 72 AD3d 679, 680-681 [2010]), triable issues of fact as to whether the absence of handrails was a breach of the defendants' common-law duty to maintain the staircase in a reasonably safe condition (*see Swerdlow v WSK Props. Corp.*, 5 AD3d at 588).

The fact that the plaintiff was familiar with the stairs raises an issue of fact as to the plaintiff's comparative negligence, but "does not negate the duty to maintain the premises in a reasonably safe condition" (*Francis v 107-145 W. 135th St. Assoc., Ltd. Partnership*, 70 AD3d 599, 600 [2010]).

Therefore, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint.

The parties' remaining contentions either are improperly raised for the first time on appeal (*see Rios v 1146 Ogden LLC*, 136 AD3d 606 [2016]), or have been rendered academic in light of our determination. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.