Romero v Waterfront N.Y. (2019 NY Slip Op 00486)





Romero v Waterfront N.Y.


2019 NY Slip Op 00486


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-05819
 (Index No. 19852/09)

[*1]William A. Romero, appellant, 
v
Waterfront N.Y., et al., respondents, et al., defendant (and a third-party action).


Law Office of Stefano A. Filippazzo, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, P.C., New York, NY (Chris Christofides of counsel), for respondents Waterfront N.Y., John Smith (name being fictitious) as general partner of Waterfront N.Y., Waterfront N.Y., L.P., John Doe (name being fictitious) as general partner of Waterfront N.Y., L.P., and Waterfront N.Y. Realty Corp.
Gottlieb Siegel & Schwartz, LLP, New York, NY (Daniel J. Goodstadt of counsel), for defendant Warren Elevator Service Company, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated May 9, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants Waterfront N.Y., John Smith (name being fictitious) as general partner of Waterfront, N.Y., Waterfront N.Y., L.P., John Doe (name being fictitious) as general partner of Waterfront N.Y., L.P., Waterfront N.Y. Realty Corp., and Bedrock Leasing Corp. which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Waterfront N.Y., John Smith (name being fictitious) as general partner of Waterfront N.Y., Waterfront N.Y., L.P., John Doe (name being fictitious) as general partner of Waterfront N.Y., L.P., Waterfront N.Y. Realty Corp., and Bedrock Leasing Corp. which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action against, among others, Waterfront N.Y., John Smith (name being fictitious) as general partner of Waterfront, N.Y., Waterfront N.Y., L.P., John Doe (name being fictitious) as general partner of Waterfront N.Y., L.P., Waterfront N.Y. Realty Corp., and Bedrock Leasing Corp. (hereinafter collectively the Waterfront defendants) to recover damages for personal injuries. The plaintiff alleged that on June 19, 2009, he was operating a manually controlled freight elevator in a building owned by the Waterfront defendants. The plaintiff, who was employed by the third-party defendant, Hudson Yards Catering, LLC, which was a tenant [*2]of the building, was in the process of bringing the elevator up to the eighth floor at the time of the accident. According to the plaintiff, the heel of his left foot somehow became caught between the fourth floor landing and the moving elevator. The elevator did not have a gate separating the interior side of the elevator cab from the elevator shaft. The plaintiff allegedly sustained severe injuries to his left foot and ankle as a result of the accident.
Following discovery, the Waterfront defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the motion. The plaintiff appeals, arguing that the Waterfront defendants' failure to install a gate on the interior side of the freight elevator constituted a defective condition.
It is undisputed that the elevator was in compliance with all applicable rules, regulations, and codes at the time of the accident. However, "the absence of a violation of a specific code or ordinance is not dispositive of a plaintiff's allegations based on common-law negligence principles" (Alexis v Motel Oasis, 143 AD3d 926, 927; see DeCarlo v Vacchio, 147 AD3d 724, 725; Zebzda v Hudson St., LLC, 72 AD3d 679, 680-681). Accordingly, a defendant may be held negligent for departing from generally accepted customs and practices even when the allegedly defective condition is in compliance with the relevant codes and ordinances (see Zebzda v Hudson St., LLC, 72 AD3d at 680-681).
Here, the Waterfront defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint. In opposition, however, the plaintiff raised a triable issue of fact as to whether the Waterfront defendants were negligent. The plaintiff submitted evidence demonstrating that prior to the accident, the Waterfront defendants were on notice of the dangerous condition of the elevator when they were provided with proposals from their own elevator service company, which proposals stated that because there was no gate on the inside of the elevator platform, an extremely dangerous condition existed (see DeCarlo v Vacchio, 147 AD3d at 725).
Accordingly, the Supreme Court should have denied that branch of the Waterfront defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court