Flores v 1298 Grand, LLC (2026 NY Slip Op 01340)

Flores v 1298 Grand, LLC

2026 NY Slip Op 01340

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-00547
 (Index No. 602220/22)

[*1]Marciela Molina Flores, appellant,
v1298 Grand, LLC, respondent (and a third-party action).

Dell & Dean, PLLC (Joseph G. Dell and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for appellant.
Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered December 28, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she fell while ascending an interior staircase from the basement to the ground floor at premises owned by the defendant and leased to the plaintiff's employer. The tenant allegedly had removed an existing handrail along the staircase and installed a conveyor belt, without the defendant's knowledge or consent.
The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendant. The defendant moved for summary judgment dismissing the complaint. In an order entered December 28, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
As the plaintiff contends, the defendant's contention that it was an out-of-possession landlord and had no contractual duty to maintain the premises was not properly before the Supreme Court, as it was raised for the first time in the defendant's reply papers (see Costello v Zaidman, 58 AD3d 593, 594; Guiterrez v Iannacci, 43 AD3d 868; see also Lee v Law Offs. of King & Bae, P.C., 161 AD3d 964, 965-966). "Arguments raised for the first time in reply may be considered if the original movant is given the opportunity to respond and submits papers in surreply" (Gluck v New York City Tr. Auth., 118 AD3d 667, 668). Here, the plaintiff did not have the opportunity to address this newly raised contention in a surrreply, and thus, the court erred in granting the defendant's motion on that basis (see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 625, 627).
However, the defendant contends, as it did in the Supreme Court, that it is entitled to judgment as a matter of law dismissing the complaint since the plaintiff cannot identify the cause [*2]of her fall and since it did not create the alleged defect or have notice of it. These issues are properly before this Court as alternate grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539).
"In a premises liability case, a defendant property owner . . . who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Curto v Kahn Prop. Owner, LLC, 225 AD3d 660, 660 [internal quotation marks omitted]). "[A] defendant moving for summary judgment can [also] make a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of the plaintiff's fall without engaging in speculation" (Gardell v Arden Ave. Homeowners Assn., 228 AD3d 834, 835; see Curto v Kahn Prop. Owner, LLC, 225 AD3d at 661). "[W]here it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Curto v Kahn Prop. Owner, LLC, 225 AD3d at 661 [internal quotation marks omitted]).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendant's submissions in support of its motion, included, inter alia, a transcript of the plaintiff's deposition testimony. Although the plaintiff testified that she did not know what caused her to slip on the step, she also testified that she "wanted to hold onto something," but she "didn't have anything to hold onto." Even if the plaintiff's fall was precipitated by a misstep, her testimony that she looked for something to hold onto, but there was nothing there, presented "an issue of fact as to whether the absence of a handrail was a proximate cause of her injury" (Jean-Charles v Carey, 217 AD3d 660, 661 [internal quotation marks omitted]; see Curto v Khan Prop. Owner, LLC, 225 AD3d at 661). Furthermore, the defendant failed to demonstrate, prima facie, that it satisfied its "common-law duty to maintain the staircase in a reasonably safe condition" under the circumstances presented (DeCarlo v Vacchio, 147 AD3d 724, 725; see Swerdlow v WSK Props. Corp., 5 AD3d 587, 588). The defendant also failed to establish, prima facie, that it did not have constructive notice of the staircase's alleged hazardous condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 837).
In light of our determination, it is not necessary to reach the parties' remaining contentions.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court