■ Jose A. Helena, Appellant, v 300 Park Avenue, LLC, et al., Respondents. [763 NYS2d 542] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered December 21, 2001, which granted defendant 300 Park Avenue, LLC's motion for summary judgment dismissing the complaint and all cross claims against it, and order, same court and Justice, entered January 29, 2002, which granted defendant Colgate-Palmolive Co.'s motion and defendant Cushman & Wakefield's cross motion for summary judgment dismissing the complaint and all cross claims against them, reversed, on the law, defendants' motions denied, and the complaint reinstated as against all defendants.

This is a damage action resulting from personal injuries sustained by plaintiff when his left index finger was severed by a fast-closing door. Plaintiff had been employed as a food service provider for Marriott International, which ran the cafeteria for defendant Colgate-Palmolive on the 7th floor of a building owned by defendant 300 Park Avenue, LLC, and managed by defendant Cushman & Wakefield. Plaintiff was injured while using the bathroom on the 7th floor that was available to the kitchen staff in the cafeteria. The door had a pressure machine which automatically closed it. Plaintiff claims that when he attempted to exit the bathroom, the door closed so fast that it severed his index finger. Plaintiff testified he made prior complaints (regarding the defective speed of door closing) to "maintenance" people wearing shirts emblazoned with the legend "Colgate, 300 Park Avenue" on them. All defendants denied responsibility for creating such a door defect; none admitted actual or constructive knowledge. Both the owner and lessee claim that the other was responsible for door maintenance while the management company joins owner and lessee in denying that any door defect existed, much less any

knowledge. For various reasons, the IAS court granted each defendant's motion for summary judgment. We now reverse and reinstate the complaint as to each defendant.

The motion court erred in granting the motion of defendant Cushman & Wakefield since there remain questions of fact whether that defendant, the company retained to manage the premises where plaintiff's accident is alleged to have occurred, had constructive notice of the alleged hazard (*see Lemonda v Sutton,* 268 AD2d 383 [2000]). Plaintiff testified that it was apparent for years that there was a defect in the door. An engineer employed by Cushman testified that Cushman was responsible for insuring that the bathroom doors in the men's room were in working order. Although the engineer testified that no complaints had been made, Cushman did not keep records of any complaints made to its office and, in lieu of inspections, relied on its cleaning service to report back any repairs that were needed. Cushman failed to submit any evidence that would establish its nonliability to warrant the court in directing judgment in its favor.

While the motion court correctly observed that an out-of-possession owner retaining a right of re-entry only has liability when a specific statutory violation exists (*Kilimnik v Mirage Rest.,* 223 AD2d 530 [1996]), defendant 300 Park Avenue did not only retain a right of re-entry, since it agreed in its lease to maintain the building. Liability may be imposed if there is a showing of notice, actual or constructive (*Pappalardo v New York Health & Racquet Club*, 279 AD2d 134 [2000]; *Velazquez v Tyler Graphics,* 214 AD2d 489 [1995]). Plaintiff's evidence of an apparent defect existing for years creates a question of fact as to this owner's potential liability.

Plaintiff testified to having made specific complaints regarding this defect to Colgate employees who were in charge of maintenance, individuals he identified as such because they wore shirts which would lead an observer to believe they were Colgate employees. Clearly, one could reasonably infer that individuals wearing corporate shirts were corporate employees; resolving this issue based on the sharply conflicting testimony of plaintiff and a Colgate manager requires accepting one version or the other, indicating the existence of disputed issues of material fact requiring denial of defendant Colgate's motion for summary judgment. Significantly, defendant owner has claimed that defendant lessee bears the responsibility for this defect in certain circumstances. The relative potential liability of owners and tenants is no longer dependent upon control of property (*Putnam v Stout,* 38 NY2d 607, 616-618 [1976]) but

results from inspection and maintenance lease provisions as well as the parties' actual performance of their lease duties (*Melendez v American Airlines,* 290 AD2d 241, 242 [2002]) in addition to certain common-law duties (*see Zito v 241 Church St. Corp.,* 223 AD2d 353, 355 [1996]). While defendants agree on this appeal that plaintiff has no claim against any one of them, they sharply dispute any potential liability in their respective capacities. The disputes amongst defendants as to liability must be resolved in further proceedings. Since the record demonstrates that there remain issues of fact as to liability of any or all defendants, all the motions should have been denied. Concur—Buckley, P.J., Mazzarelli, Ellerin and Lerner, JJ.

Sullivan, J., concurs in a separate memorandum as follows: While I agree with the disposition reached by the court in reinstating the complaint, I write to express my view as to the case against Colgate-Palmolive. Since the lease provision requiring the landlord to maintain the "[b]uilding and the [p]remises and the fixtures and appurtenances therein" does not relieve the tenant of its common-law duty to maintain the premises in a reasonably safe condition (*Zito v 241 Church St. Corp.,* 223 AD2d 353 [1996]; *Chadis v Grand Union,* 158 AD2d 443 [1990]), Colgate-Palmolive is not entitled to summary judgment dismissing the complaint and all cross claims against it. For that reason, and that reason alone, I concur in the denial of Colgate-Palmolive's motion.