■ ANGELA VAZQUEZ, Plaintiff, v DIAMONDROCK HOSPITALITY COMPANY et al., Respondents, and CENTENNIAL ELEVATOR INDUSTRIES, INC., et al., Appellants, et al., Defendant. [954 NYS2d 61]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered August 11, 2011, to the extent appealed from as limited by the briefs, dismissing the complaint and all cross claims as against defendants Diamondrock Hospitality Company (Diamondrock) and Courtyard Management Corporation (Courtyard), and bringing up for review an order, same court and Justice, entered on or about April 18, 2011, which granted defendants' motion for summary judgment dismissing the complaint and all cross claims as against them, unanimously modified, on the law, the motion of Diamondrock for summary judgment to the extent it sought dismissal of the cross claims as against it denied, the cross claim against Diamondrock converted to a third-party claim, and otherwise affirmed, without costs.

The motion for summary judgment should have been denied insofar as it sought dismissal of the cross claims as against Diamondrock. It is undisputed that Diamondrock owns the subject premises and, as such, has a common-law duty to keep the premises in a reasonably safe condition, which duty extends to elevators on its premises (see Isaac v 1515 Macombs, LLC, 84 AD3d 457 [1st Dept 2011], lv denied 17 NY3d 708 [2011]). It is also undisputed that the premises is a hotel, which is a multiple dwelling under Multiple Dwelling Law § 4 (9). Thus, Diamondrock has a nondelegable duty to maintain and repair elevators on its premises under Multiple Dwelling Law § 78 (see Mas v Two Bridges Assoc., 75 NY2d 680, 687-688 [1990]; Rogers v Dorchester Assoc., 32 NY2d 553, 563 [1973]).

Diamondrock failed to meet its burden of establishing that it had "completely parted with possession and control" of the premises such that it, as an out-of-possession owner, should be exempt from liability (Worth Distribs. v Latham, 59 NY2d 231, 238 [1983]). Diamondrock's reliance on its management agreement with Courtyard is unavailing because that agreement is not a lease and reserves several rights in Diamondrock's favor. This includes "the right to enforce compliance with respect to

the maintenance, repair, restoration or operation" of the premises, "any other right necessary to maintain and/or operate the Hotel or Common Elements." Viewing the evidence in a light most favorable to the nonmovants, the management agreement does not "irrefutably establish" that Diamondrock "had no right or responsibility regarding the operations of the building itself" (*Bonifacio v 910-930 S. Blvd.*, 295 AD2d 86, 89 [1st Dept 2002]).

The cross claims as against Courtyard were correctly dismissed as on this record there is no question as to whether Courtyard is protected by the Workers' Compensation Law exclusivity bar. The record demonstrates that Marriott, plaintiff's employer, is Courtyard's alter ego. It has failed to show that discovery regarding Marriott and Courtyard's relationship is necessary or that material defining that relationship is in their exclusive possession (*see* CPLR 3212 [f]; *see also Cruceta v Funnel Equities*, 286 AD2d 747 [2d Dept 2001]).

We decline to reinstate the complaint since plaintiff has not appealed, and full relief can be afforded to appellants without reinstating the complaint (*see Hecht v City of New York*, 60 NY2d 57 [1983]). Concur—Friedman, J.P., Catterson, Renwick, DeGrasse and Román, JJ.