■ YVONNE RIOS, Respondent, v 1146 OGDEN LLC et al., Appellants, et al., Defendant. [25 NYS3d 215]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.),

entered July 28, 2014, which, in this action for personal injuries allegedly sustained by plaintiff when she was caused to fall in the bathroom of her apartment due to tiles falling off the wall, denied the motion of defendants 1146 Ogden LLC and New City Management, LLC for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendants' contention that they are out-of-possession landlords with no duty to repair the allegedly dangerous condition is unpreserved since it is raised for the first time on appeal (*see Diarrassouba v Consolidated Edison Co. of N.Y. Inc.,* 123 AD3d 525 [1st Dept 2014]). In any event, defendants failed to make a prima facie showing that they were out-of-possession landlords who ceded possession and control to codefendant CYA Management LLC, where they leased individual apartments to CYA pursuant to individual leases, the lease to the subject unit limited the repair obligations that were CYA's responsibility and prohibited it from making any alterations, and defendants employed a live-in superintendent in the building (*see generally Bonifacio v 910-930 S. Blvd.,* 295 AD2d 86, 88-89 [1st Dept 2002]; *see Vazquez v Diamondrock Hospitality Co.,* 100 AD3d 502 [1st Dept 2012]).

Triable issues of fact also exist regarding whether defendants had notice of the allegedly dangerous condition. Defendants' general manager acknowledged that defendants employed a building superintendent who lived in the basement of the premises, and plaintiff testified that she went to the basement on a number of occasions and complained to the superintendent about the condition of the tiles. Furthermore, defendants' general manager acknowledged that he was unaware whether defendants received any complaints regarding the dangerous condition prior to plaintiff's accident (*see Helena v 300 Park Ave.,* 306 AD2d 170 [1st Dept 2003]). Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.