(July 28, 2016)

■ HECTOR RODRIGUEZ, Respondent, v HERITAGE HILLS SOCIETY, LTD., Respondent, and M.J.C. CONSTRUCTION CORP., Appellant. [36 NYS3d 15]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered January 13, 2015, which, to the extent appealed from, granted defendant Heritage Hills Society, Ltd.'s motion

---

for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it and on its cross claims against defendant M.J.C. Construction Corp. (MJC) for contractual indemnification and breach of a contractual obligation to procure insurance, unanimously modified, on the law, to make the grant of the motion as to the cross claim for contractual indemnification conditional, and to deny the motion as to the cross claim for failure to procure insurance, and otherwise affirmed, without costs.

The open trapdoor through which plaintiff fell was not a latent hazard, and defendant Heritage Hills (the owner) failed to make a prima facie showing that it did not create or have notice of the allegedly dangerous condition. Although an issue of fact exists as to Heritage Hills' negligence under the common law and Labor Law § 200, since plaintiff did not appeal from the order dismissing those claims, and defendant MJC (the contractor) is not aggrieved by the dismissal of those claims, the claims will not be reinstated (*see Hecht v City of New York*, 60 NY2d 57 [1983]; *Mixon v TBV, Inc.*, 76 AD3d 144 [2d Dept 2010]; *see also Vazquez v Diamondrock Hospitality Co.*, 100 AD3d 502, 503 [1st Dept 2012]). Nevertheless, Heritage Hills is entitled to summary judgment on its cross claim against MJC for contractual indemnification only on the condition that Heritage Hills is found free from negligence on the remaining Labor Law claims (General Obligations Law § 5-322.1 [1]; *Cuomo v 53rd & 2nd Assoc., LLC*, 111 AD3d 548 [1st Dept 2013]).

Heritage Hills failed to establish prima facie that MJC breached its contractual obligation to procure an insurance policy naming it as an additional insured. The insurance policy procured by MJC defines an additional insured as "any person or organization to whom the Named Insured has agreed by written contract to provide coverage." Heritage Hills submitted no evidence that, as it argues on appeal, it "has not been insured by MJC's insurance company." Because this issue cannot be resolved on the existing record, summary judgment on the cross claim is unwarranted. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.