Silverman v Brady L.L.C. (2018 NY Slip Op 03217)





Silverman v Brady L.L.C.


2018 NY Slip Op 03217


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6465 25560/14E

[*1]Marilyn Silverman, Plaintiff-Respondent,
v
Brady L.L.C., et al., Defendants-Appellants.


Cozen O'Connor, New York (Kristin Keehan of counsel), for appellants.
The Edelsteins, Faegenburg & Brown, LLP, New York (Glenn K. Faegenburg of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Donna Mills, J.), entered March 20, 2017, upon a jury verdict, in favor of plaintiff and against defendants, unanimously affirmed, without costs.
Plaintiff commenced this action to recover for personal injuries she sustained when the doorknob on the door to her apartment came off the door as she pulled on it, causing her to lose her balance and fall.
The jury's verdict was supported by valid lines of reasoning and permissible inferences from the evidence at trial and was not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). Plaintiff's testimony that she complained on multiple occasions to both the building superintendent and the porter who tightened the screws in her doorknob at least three times presented an issue of fact and credibility for the jury as to whether defendants had notice of the recurring loose doorknob (see Santana v Kardash Realty Corp., 158 AD3d 595 [1st Dept 2018]; Rios v 1146 Ogden LLC, 136 AD3d 606 [1st Dept 2016]). Actual notice of the recurring loose doorknob provides constructive notice of each recurrence (see Talavera v New York City Tr. Auth., 41 AD3d 135, 136 [1st Dept 2007]; Simoni v 2095 Cruger Assoc., 285 AD2d 431, 432 [1st Dept 2001]).
Testimony about the post-accident inspection of the doorknob, which defendants failed to preserve, was relevant to the condition of the doorknob at the time of the accident (see Francklin v New York El. Co., Inc., 38 AD3d 329 [1st Dept 2007]; Vaccariello v Meineke Car Care Ctr., Inc., 136 AD3d 890, 892-893 [2d Dept 2016]). In context, any error in permitting testimony about the concomitant repair was harmless.
We have considered defendant's other claims and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK