Franklin v T-Mobile USA, Inc. (2019 NY Slip Op 08510)





Franklin v T-Mobile USA, Inc.


2019 NY Slip Op 08510


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10427 161510/14 595451/15 595664/15

[*1] Mark Franklin, Plaintiff,
v
T-Mobile USA, Inc., et al., Defendants.
T-Mobile USA, Inc., et al., Third-Party Plaintiffs-Appellants,
v
Energy Design Service Systems, LLC, Third-Party Defendant-Respondent.
Energy Design Service Systems, LLC, Second Third-Party Plaintiff,
v
Tarec, LLP, Second Third-Party Defendant.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Daniel Y. Sohnen of counsel), for appellants.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla (Adonaid C. Medina of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered May 9, 2018, which, to the extent appealed from as limited by the briefs, denied defendants/third-party plaintiffs T-Mobile USA, Inc. and Dyckman Realty Associates L.P.'s motion for summary judgment on their claim for contractual indemnification against third-party defendant Energy Design Service Systems, LLC, unanimously affirmed, without costs.
On this record, there are issues of fact as to the negligence of defendants/third-party plaintiffs, who seek to enforce the subject indemnification provision (Rodriguez v Heritage Hills Socy., Ltd., 141 AD3d 482 [1st Dept 2016] [owner failed to make prima facie showing that it did not create or have notice of allegedly dangerous condition]; Cruz v Kowal Indus., 267 AD2d 271 [2d Dept 1999] [owner's "fault could be predicated upon actual or constructive notice of a dangerous condition, such as a defective ladder present on the site"]; see also Powers v Plaza Tower LLC, 173 AD3d 446, 446-447 [1st Dept 2019] [owner had a duty to keep the premises [*2]safe or to warn workers of the hazards]; Colozzo v Natl. Ctr. Found., Inc., 30 AD3d 251 [1st Dept 2006]). Accordingly, their motion for summary judgment as to liability on their contractual indemnification claim was properly denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK