Medina v Fischer Mills Condo Assn. (2020 NY Slip Op 01567)





Medina v Fischer Mills Condo Assn.


2020 NY Slip Op 01567


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


152846/16 11052A 11052

[*1] Esteban Medina, Plaintiff,
v
Fischer Mills Condo Association, et al., Defendants, Unity Operating Corp., Defendant-Respondent, Wichcraft Operating, LLC, Defendant-Appellant. [And A Third-Party Action.]


Lewis Brisbois Bisgaard and Smith LLP, New York (Matthew P. Cueter of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford (Edward J. O'Gorman of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 8, 2019, which, to the extent appealed from as limited by the briefs, granted defendant Unity Environmental Corp.'s motion for summary judgment dismissing the complaint as against it and on its cross claims against defendant Wichcraft Operating, LLC for conditional indemnification, unanimously modified, on the law, to deny the part of Unity's motion seeking summary judgment on its cross claims against Wichcraft, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 4, 2019, which denied Wichcraft's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiff alleges that he slipped and fell on a patch of ice on the sidewalk in front of a store leased by defendant Wichcraft from defendant Unity, which owned the commercial condominium unit and was responsible for the awning overhanging the sidewalk. In discovery, plaintiff disclosed that he intended to call experts who would opine that the icy condition was caused by melting snow and ice dripping from the awning onto the sidewalk and refreezing. In support of its motion for summary judgment, Unity failed to establish prima facie that it did not cause or create the icy condition on the sidewalk through negligent maintenance of the awning (see Lebron v Napa Realty Corp., 65 AD3d 436, 437 [1st Dept 2009]). Unity is therefore not entitled to summary judgment, regardless of the sufficiency of the showing in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). However, because plaintiff has not appealed from the dismissal of his claims against Unity, and Wichcraft is not
aggrieved by the dismissal, we do not reinstate those claims (see Rodriguez v Heritage Hills Socy., Ltd., 141 AD3d 482 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK