## O'Rear v Kashanco Intl., LLC

2024 NY Slip Op 32306(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 159816/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO

*Justice*

PART     33M

-----------------------------------------------------------------------X

BRENNAN O'REAR,

                              Plaintiff,

             - v -

KASHANCO INTERNATIONAL, LLC,AGGRESSIVE SHADE
GLASS & AWNING CO. INC.

                              Defendant.

-----------------------------------------------------------------------X

INDEX NO.          159816/2020

MOTION DATE          04/27/2024

MOTION SEQ. NO.          001

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 78, 79, 80, 83, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 120, 121, 122, 123, 124, 125, 126, 127, 130

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, and after oral argument, which took place on February 27, 2024, where Lea Moalemi, Esq. appeared for Plaintiff Brennan O'Rear ("Plaintiff"), Michael J. White, Esq. appeared for Defendant Kashanco International LLC ("Kashanco"), and Fabrice K. Michel appeared for Defendant Aggressive Shade Glass & Awning Co., Inc.'s ("Aggressive Glass"), Plaintiff's motion for summary judgment on liability against Defendants Aggressive Glass and Kashanco is denied. Kashanco's cross-motion for summary judgment seeking dismissal of Plaintiff's complaint against it and summary judgment on its crossclaims for contractual indemnification against Aggressive Glass is also denied.

## I.      Background

This is a personal injury action arising from a window falling on Plaintiff's hand. Plaintiff is a former tenant at 217 East 84th Street, Apartment 2B, New York, New York (the "Apartment") (NYSCEF Doc. 56 at 11:19-25). He leased the apartment from Kashanco (*id.* at 13:4-8). On

159816/2020   O'REAR, BRENNAN vs. KASHANCO INTERNATIONAL, LLC
Motion No. 001

Page 1 of 8

[* 1]

Tuesday, September 24th, Plaintiff broke a glass pane of a window in his apartment while cleaning the window (*id.* at 25:7-14). Plaintiff contacted the building super who instructed him to call Aggressive Glass to repair the window (*id.* at 27:8-16). Aggressive Glass assessed the window that afternoon (*id.* at 30:10-15). The next day, two repairmen from Aggressive Glass repaired the window and told Plaintiff not to touch the window for 24 hours (*id.* at 34-36). On Friday September 27th, Plaintiff unlatched the repaired window and as he unlatched it, the upper sash fell and severed the tip of the middle finger of his right hand (*id.* at 42).

Peter Spearman was the repair man from Aggressive Glass (NYSCEF Doc. 52). He testified that the window had to be taken apart to repair the broken glass (*id.* at 28:7-12). He and his colleague Andrew Mercado took the old glass out, put new glass in, and then put the frame back together (*id.* at 32:12-16).

The superintendent, Ayhan Isik testified that part of the repairs he conducts for his job includes replacing parts on windows or doors (NYSCEF Doc. 51 at 14:16-20). He learned about the window when the glass originally shattered and he contacted Aggressive Glass (*id.* at 25:1-21). He learned about the incident after receiving a call from Plaintiff in the hospital (*id.* at 35:3-11). He arranged for Aggressive Glass to come back to inspect the window (*id.* at 37:13-19). Mr. Isik testified that two small parts on the top of the window had come off causing the window to fall (*id.* at 39). He also testified that based on his observations, the upper sash would not stay in place and slid down (*id.* at 76-77).

## II. Plaintiff's Motion and Defendant Kashanco's Cross Motion

### A. Plaintiff's Motion for Summary Judgment

Plaintiff argues that it is entitled to summary judgment against Kashanco because as owner of the building, Kashanco is liable for the window's state of disrepair. Plaintiff relies on the

**159816/2020   O'REAR, BRENNAN vs. KASHANCO INTERNATIONAL, LLC**
**Motion No.  001**

**Page 2 of 8**

[* 2]

2 of 8

warranty of habitability and argues that failure to maintain windows constitutes a breach of the warranty of habitability. Plaintiff argues that under Multiple Dwelling Law § 78, the owner of a multiple dwelling owes a nondelegable duty to persons on its premises to maintain them in a reasonably safe condition and may be held liable for injuries even if the responsibility of maintenance has been transferred to another. Plaintiff also relies on a theory of vicarious liability to hold Kashanco liable, attempting to hold Kashanco liable for the acts of its agent, Aggressive Glass. Plaintiff argues that Aggressive Glass is liable because it "launched a force or instrument of harm" by failing to properly inspect and repair the window. Plaintiff also seeks summary judgment under a theory of *res ipsa loquitur*.

In opposition, Aggressive Glass argues that Plaintiff has failed to meet his prima facie burden because there is no evidence that the accident was caused by Aggressive Glass' negligence. Aggressive Glass argues that the repair work conducted on September 25th did not require touching the upper sash, which ultimately injured Plaintiff. Aggressive Glass argues because it was not required to touch the upper sash, it cannot be held liable for Plaintiff's injuries which resulted from the upper sash. Aggressive Glass further argues that Plaintiff cannot establish liability under a theory of *res ipsa loquitur*.

Kashanco opposes on the basis that Plaintiff cannot establish that it had notice of the allegedly defective top window sash. Kashanco further argues that the warranty of habitability does not give rise to a cause of action to recover damages from alleged personal injuries. Kashanco argues it cannot be held liable under a theory of *res ipsa loquitur* because it did not have exclusive control over the window. Kashanco also asserts it cannot be held liable for the alleged negligent acts of its independent contractor.

159816/2020   O'REAR, BRENNAN vs. KASHANCO INTERNATIONAL, LLC
Motion No. 001

Page 3 of 8

3 of 8

In reply, Plaintiff points to the deposition testimony of Aggressive Glass representative Peter Spearman, who testified that in his experience "a window only comes crashing down if the balances or shoes are bad." Plaintiff points to the deposition of Ayshan Ishik, Kashanco's superintendent, who testified that the cause of the accident was because the shoes and balances on the upper sash were missing. Plaintiff also argues that Kashanco had constructive notice by virtue of the right of entry clause in the lease executed between Plaintiff and Kashanco. Plaintiff argues *res ipsa loquitur* applies because the last individuals to touch the window prior to the accident were from Aggressive Glass, and therefore the only explanation for the accident was that Aggressive Glass caused the accident.

### B. Kashanco's Cross Motion

Kashanco argues it is entitled to summary judgment because it did not create the condition that caused Plaintiff's accident nor did it have actual or constructive notice. Further, Kashanco largely repeats that it cannot be held liable under a theory of *res ipsa loquitur* because it did not have exclusive control over the window. Kashanco reasserts on its cross motion that it cannot be vicarious liable for the negligence of its independent contractor, and it cannot be held liable for personal injury damages as a result of the breach of warranty of habitability. Kashanco also seeks contractual indemnification pursuant to its contract with Aggressive Glass.[1]

### III.  Discussion

### A.  Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a

---

[1] For the sake of brevity, Plaintiff's arguments in opposition largely mirror their reply to Kashanco's opposition to Plaintiff's motion for summary judgment.

**159816/2020  O'REAR, BRENNAN vs. KASHANCO INTERNATIONAL, LLC**
**Motion No. 001**

**Page 4 of 8**

motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

### B. Plaintiff's Motion

#### i.    Breach of Implied Warranty of Habitability

The Court denies Plaintiff's motion on the basis of the breach of implied warranty of habitability. The measure of damages for breach of the warranty of habitability is limited to the difference between the rent reserved in the lease and the fair market rental value during the period of breach – damages for personal injuries are not recoverable for breach of the implied warranty of habitability (*Elkman v Southgate Owners Corp.*, 233 AD2d 104 [1st Dept 1996]). This is therefore an inappropriate theory under which Plaintiff may seek summary judgment.

#### ii.    *Res Ipsa Loquitur*

To invoke the doctrine of *res ipsa* loquitur, a plaintiff must establish that (1) the event is of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (*Espinal v Trezechahn 1065 Ave. of America,* LLC, 94 AD3d 611 [1st Dept 2012]). The only instance when summary judgment must be granted to a plaintiff on a *res ipsa loquitur* theory is when the

**159816/2020   O'REAR, BRENNAN vs. KASHANCO INTERNATIONAL, LLC**                    **Page 5 of 8**
**Motion No. 001**

5 of 8

[* 5]

plaintiff's circumstantial proof is so convincing and the defendant's response was so weak that an inference of defendant's negligence is inescapable (*Tora v GVP AG*, 31 AD3d 341 [1st Dept 2006]). Where an allegedly defective window remains in the premises leased by a tenant, the First Department has held that the tenant failed to show that the window was in the exclusive control of the defendants (*Radnay v 1036 Park Corp.*, 17 AD3d 106 [1st Dept 2005]). Because the window at issue was located in Plaintiff's apartment, Plaintiff cannot show that it remained in the exclusive control of the defendants for purposes of a *res ipsa loquitur* argument (*Sacca v 41 Bleecker Street Owners Corp.* 51 AD3d 586 [1st Dept 2008]). Therefore, this is an insufficient basis to grant summary judgment.

### iii.    Triable Issues of Fact Exist

Finally, the Court finds that triable issues of fact exist which warrant denying summary judgment. It is undisputed that Aggressive Glass was contracted to inspect and repair Plaintiff's window. It is the testimony of Aggressive Glass that when it conducted its initial inspection and subsequent repair there was no defect in the upper window sash. However, a mere few days later, the upper window sash fell like a "guillotine" and severed Plaintiff's finger, despite Plaintiff testifying that he did not touch the window after its repair until the incident.

Viewing the facts in the light most favorable to the non-movant, it is a triable issue of fact as to whether Aggressive Glass adequately inspected and repaired Plaintiff's window. It will be for the jury to determine the credibility of the witnesses in terms of whether the inspection was adequate and if during the original window repair the upper sash became loose and defective. Although Aggressive Glass claims that it was only asked to inspect the lower sash, based on the records of this case, a reasonable jury might find it should have discovered and remedied the defect

**159816/2020   O'REAR, BRENNAN vs. KASHANCO INTERNATIONAL, LLC**                    **Page 6 of 8**
**Motion No. 001**

6 of 8

in the upper sash, notified Kashanco, and sought authority to remedy the defect. These issues of fact preclude granting Plaintiff summary judgment.

Plaintiff has also failed to demonstrate the absence of triable issues. As there are triable issues of fact as to whether Aggressive Glass was negligent in its inspection and repair of the window, there can be no finding of vicarious liability against Kashanco at this time. Moreover, while the Court agrees with Plaintiff that Kashanco may be liable under Multiple Dwelling Law § 78 (*se Bonifacio v 910-930 Southern Blvd. LLC*, 295 AD2d 86 [1st Dept 2002]), there remain triable issues of fact as to whether Kashanco had constructive notice of the allegedly defective upper sash (*Rios v 1146 Ogden LLC*, 136 AD3d 606, 607 [1st Dept 2016]). Indeed, while Kashanco's superintendent was on notice that the glass on the lower sash had broken and repairs were needed, there was no communication regarding issues with the upper sash of the window, and it is a triable issue of fact whether Kashanco should have known about the defective upper sash (*see also Helena v 300 Park Ave. LLC*, 306 AD2d 170 [1st Dept 2003]).

## C. **Kashanco's Cross Motion**

The Court has found triable issues of fact which preclude Plaintiff's motion for summary judgment against Kashanco, including whether Kashanco had constructive notice of the allegedly defective window sash or may be held vicariously liable for the potential negligence of Aggressive Glass. Because there remain issues of fact as to Kashanco's negligence, any grant of summary judgment on its claim for contractual indemnification against Aggressive Glass would be premature (*Cackett v Gladden Properties, LLC*, 183 AD3d 419, 422 [1st Dept 2020] citing *Arias v Recife Realty Co., N.V.*, 172 AD3d 631 [1st Dept 2019]).

Accordingly, it is hereby

ORDERED that Plaintiff Brennan O'Rear's motion for summary judgment is denied; and it is further

ORDERED that Defendant Kashanco International LLC's motion for summary judgment is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/8/2024 | *My V Road JSC* |
|----------|------------------|
| DATE | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE: [ ] CASE DISPOSED   [X] NON-FINAL DISPOSITION

[ ] GRANTED   [x] DENIED   [ ] GRANTED IN PART   [ ] OTHER

APPLICATION: [ ] SETTLE ORDER   [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE

**159816/2020  O'REAR, BRENNAN vs. KASHANCO INTERNATIONAL, LLC**
**Motion No.  001**

**Page 8 of 8**

8 of 8