■ CANDICE GOODHEART, Appellant, v HOFSTRA UNIVERSITY et al., Respondents. [27 NYS3d 88]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered June 18, 2014, as granted that branch of the motion of the defendant JP's Sports & Rock Solid Promotions, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted the motion of the defendant Hofstra University for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On April 21, 2012, a baseball memorabilia show presented by the defendant JP's Sports & Rock Solid Promotions, Inc. (hereinafter JP), was held in the Hofstra Fitness Center located on premises owned by the defendant Hofstra University (hereinafter Hofstra), in Hempstead. While attending this show, the plaintiff allegedly tripped and fell. The plaintiff commenced this action against JP and Hofstra to recover damages for personal injuries, alleging negligence. JP moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and Hofstra moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court awarded summary judgment to both defendants.

The defendants, in support of their respective motions for summary judgment, established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff could not identify the cause of her fall without resorting to speculation (see *Mitgang v PJ Venture HG, LLC*, 126 AD3d 863, 864 [2015]; *Blocker v Filene's Basement #51-00540*, 126 AD3d 744, 746 [2015]; *Ash v City of New York*, 109 AD3d 854, 856 [2013]; *Peluso v Red Rose Rest., Inc.*, 106 AD3d 972, 973 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of JP's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and Hofstra's motion for summary judgment dismissing the complaint insofar as asserted against it. Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.