■ JOSEPHINE RAZZA et al., Respondents, v LP PETROLEUM CORPORATION et al., Defendants, and CARLOS MEJIA LANDSCAPING, Appellant. [60 NYS3d 325]—

In an action to recover damages for personal injuries, etc., the defendant Carlos Mejia Landscaping appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered September 30, 2015, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Carlos

Mejia Landscaping for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On November 6, 2012, the plaintiff Josephine Razza (hereinafter the injured plaintiff) allegedly tripped and fell over a rubber floor mat outside the entrance of a gas station convenience store owned by the defendants LP Petroleum Corporation, Sunoco, Inc., S. Conduit Enterprises Corp., Zacharys Petroleum Corp., Merrick Newbridge Corporation, S. Valley Stream, Inc., and Merrick Newbridge Corporation, doing business as S. Valley Stream, Inc. (hereinafter collectively the owners). Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against the owners and the defendant Carlos Mejia Landscaping (hereinafter CML), a contractor hired by the owners to cut the grass at the premises and clean outside the convenience store. CML moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing, among other things, that the injured plaintiff could not identify the cause of her fall. In the order appealed from, the Supreme Court, inter alia, denied CML's motion. CML appeals.

In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (see *Hoovis v Grand City 99 Cents Store, Inc.*, 146 AD3d 866, 866 [2017]; *Baldasano v Long Is. Univ.*, 143 AD3d 933, 933 [2016]; *Gotay v New York City Hous. Auth.*, 127 AD3d 693, 694 [2015]). A plaintiff's inability to identify the cause of his or her fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see *Baldasano v Long Is. Univ.*, 143 AD3d at 933; *Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810, 810 [2010]).

Here, CML established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the injured plaintiff's deposition testimony, which demonstrated that she was unable to identify the cause of her fall without resorting to speculation (see *Goodheart v Hofstra Univ.*, 137 AD3d 859, 860 [2016]; *Calciano v Tarragon Corp.*, 125 AD3d 709, 709 [2015]; *Deputron v A & J Tours, Inc.*, 106 AD3d 944, 945 [2013]; *see also Penn v Fleet Bank*, 12 AD3d 584, 584 [2004]). The injured plaintiff testified at her deposition that when she exited the convenience store, her left foot went underneath the floor mat, causing her to trip and fall. While the injured plaintiff as-

sumed that a leaf blower operated by an employee of CML caused the mat to lift up immediately prior to her fall, she did not see anyone in the area using a leaf blower prior to her fall and she never observed the mat lift up from the ground (*see Deputron v A & J Tours, Inc.*, 106 AD3d at 945). In opposition to CML's prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In light of our determination, we need not reach CML's remaining contentions.

Accordingly, the Supreme Court should have granted CML's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.