Miranda v Leone Realty, Inc. (2020 NY Slip Op 00583)





Miranda v Leone Realty, Inc.


2020 NY Slip Op 00583


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-03769
 (Index No. 33326/14)

[*1]Marisol Miranda, et al., appellants, 
v
Leone Realty, Inc., et al., respondents.


Marc J. Bern & Partners, LLP, New York, NY (John C. Clark and Debra Humphrey of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated March 17, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On March 26, 2014, the plaintiff Marisol Miranda (hereinafter the injured plaintiff) allegedly was injured when she twisted her foot and fell as she was descending an exterior staircase leading out of her apartment in a building owned by the defendants. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, alleging, inter alia, that the injured plaintiff's injuries were caused by the defendants' negligence in failing to maintain the staircase in a reasonably safe condition. The defendants moved for summary judgment dismissing the complaint on the grounds that the injured plaintiff did not know what caused her to fall and that the defendants did not have actual or constructive notice of any dangerous condition on the staircase. The Supreme Court granted the motion on the grounds that the plaintiff was unable to identify what caused her to fall and that the plaintiffs' expert's determination as to what caused the fall was based on sheer speculation. The plaintiffs appeal.
"[A] defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Ash v City of New York, 109 AD3d 854, 855; see Burke v Umbaca, 163 AD3d 618, 618). "However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Ash v City of New York, 109 AD3d at 855; see C.M. v Gasiorowski, 173 AD3d 1156, 1157; Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948-949).
Here, the defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting the transcript of the injured plaintiff's deposition testimony demonstrating that the injured plaintiff was unable to identify the cause of her fall (see Ash v City of New York, 109 AD3d at 855). The plaintiffs' submissions in opposition, including their expert's accident location report, failed to raise a triable issue of fact. Since the injured plaintiff could not [*2]identify what caused her to fall, it would be speculative to find that the alleged defects noted in the plaintiffs' expert's report proximately caused her fall (see McCarthy v Jones, 139 AD3d 682, 682-683; Ash v City of New York, 109 AD3d at 856; Plowden v Stevens Partners, LLC, 45 AD3d 659, 660-661).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court