Gaither-Angus v Adelphi Univ. (2020 NY Slip Op 01147)





Gaither-Angus v Adelphi Univ.


2020 NY Slip Op 01147


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-14015
 (Index No. 712466/15)

[*1]Toya Gaither-Angus, respondent,
v
Adelphi University, appellant.


Molod Spitz & DeSantis, P.C., New York, NY (Alice Spitz and Marcy Sonneborn of counsel), for appellant.
Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered November 20, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
At approximately 10:40 a.m. on October 8, 2013, the plaintiff, while at certain premises in Garden City owned by the defendant, allegedly fell as she descended two steps located between two levels of a conference room. In December 2015, the plaintiff commenced this action against the defendant alleging that the defendant was negligent in, among other things, maintaining the steps and failing to install handrails. After discovery, the defendant moved for summary judgment dismissing the complaint arguing, inter alia, that the plaintiff was unable to identify the cause of her fall without resorting to speculation and that handrails were not required. The Supreme Court denied the defendant's motion. The defendant appeals.
In a premises liability case, a defendant moving for summary judgment can establish its prima facie entitlement to judgment as a matter of law on the issue of negligent maintenance by showing that the plaintiff cannot identify the cause of his or her accident (see Kerzhner v New York City Tr. Auth., 170 AD3d 982; Gani v Avenue R Sephardic Congregation, 159 AD3d 873). "Although proximate cause can be established in the absence of direct evidence of causation [and] . . . may be inferred from the facts and circumstances underlying the injury, [m]ere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action" (Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435 [internal quotation marks omitted]; see Hahn v Go Go Bus Tours, Inc., 144 AD3d 748, 749; Viviano v KeyCorp, 128 AD3d 811; Racines v Lebowitz, 105 AD3d 934). Where it is just as likely that some factor other than a dangerous or defective condition, such as a misstep or a loss of balance, could have caused an accident, any determination by the trier of fact as to causation would be based upon sheer speculation (see Davidoff v First Dev. Corp., 148 [*2]AD3d 773, 774; Hahn v Go Go Bus Tours, Inc., 144 AD3d at 749; Pol v Gjonbalaj, 125 AD3d 955). Here, in support of its motion for summary judgment, the defendant submitted, inter alia, the transcript of the plaintiff's deposition testimony. Based upon the plaintiff's testimony that she did not know what caused her to lose her footing, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint on the issue of negligent maintenance (see Gani v Avenue R Sephardic Congregation, 159 AD3d at 873; Priola v Herrill Bowling Corp., 150 AD3d 1163, 1164; Califano v Maple Lanes, 91 AD3d 896, 897-898; McFadden v 726 Liberty Corp., 89 AD3d 1067, 1068; Capasso v Capasso, 84 AD3d 997, 998; Patrick v Costco Wholesale Corp., 77 AD3d 810, 811).
In addition, the defendant, which also submitted affidavits from an expert engineer and the Superintendent of the Department of Buildings for the Incorporated Village of Garden City, further demonstrated, prima facie, that neither the applicable New York State Uniform Fire Prevention and Building Code nor the Code of the Village of Garden City required handrails for the subject steps (see generally Navarre v Ketcham, 122 AD3d 811).
Since the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (see Zuckerman v City of New York, 49 NY2d 557, 562).
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court