Jackson v Bethel A.M.E. Church (2021 NY Slip Op 08223)





Jackson v Bethel A.M.E. Church


2021 NY Slip Op 08223


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-10485
 (Index No. 30910/13)

[*1]Janet M. Jackson, appellant,
v
Bethel A.M.E. Church, et al., respondents.


Jakubowski, Robertson, Maffei, Goldsmith & Tartaglia, LLP, Saint James, NY (James J. Herz of counsel), for appellant.
Lovas & Naqvi, Garden City, NY (Claudia P. Lovas of counsel), for respondents Bethel A.M.E. Church and African American Methodist Episcopal Church and Congregation of Bay Shore, NY.
Charles F. Harms, Jr., Garden City, NY (Danielle R. Schilling of counsel), for respondent D'Alessandro & Son Contractors, Inc.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated July 15, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Bethel A.M.E. Church and African American Methodist Episcopal Church and Congregation of Bay Shore, NY, which was for summary judgment dismissing the complaint asserted against them, and that branch of the separate motion of the defendant D'Alessandro & Son Contractors, Inc., which was for summary judgment dismissing the complaint asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
On the afternoon of March 31, 2013, the plaintiff was descending the exterior staircase of a church owned by the defendants Bethel A.M.E. Church and African American Methodist Episcopal Church and Congregation of Bay Shore, NY (hereinafter together the Bethel defendants), when she allegedly fell and was injured. In 2012, the Bethel defendants had retained the defendant D'Alessandro & Son Contractors, Inc. (hereinafter D'Alessandro), to regrout the stairs, including the grout around one of the two existing handrails at the edges of the staircase. The plaintiff commenced separate actions against the Bethel defendants and D'Alessandro, which were then consolidated. The plaintiff asserted, inter alia, that the staircase was defective in that it did not have a handrail in the center of the staircase in violation of certain sections of the 2003 and 2007 New York State Building Code, and that this defect contributed to her fall. D'Alessandro moved for summary judgment dismissing the complaint and all cross claims asserted against it, contending that the plaintiff did not know what had caused her to fall and that it did not owe the plaintiff a duty of care. The Bethel defendants separately moved for summary judgment dismissing the complaint and all cross claims asserted against them, also contending that the plaintiff did not know what had caused her to fall and that the subject staircase was exempt from the sections of the 2003 and 2007 [*2]New York State Building Code identified by the plaintiff. The Supreme Court granted both motions on the ground that the plaintiff did not know what had caused her to fall. The plaintiff appeals.
A property owner has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). In a premises liability case, a defendant real property owner can establish its prima facie entitlement to judgment as a matter of law by showing that the plaintiff cannot identify the cause of her or his accident (see Miranda v Leone Realty, Inc., 179 AD3d 1052, 1052-1053; Hamoudeh v Mandel, 62 AD3d 948, 949). However, even if a plaintiff's fall is precipitated by a misstep, where the plaintiff testifies that he or she reached out to try to stop his or her fall, the absence of a handrail, if required by law, may raise an issue of fact as to whether the absence of the handrail was a proximate cause of his or her injury (see Palmer v Prima Props., Inc., 101 AD3d 1094, 1095; Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267; Wajdzik v YMCA of Greater N.Y., 65 AD3d 586, 587; Palmer v 165 E. 72nd Apt. Corp, 32 AD3d 382).
Here, the Bethel defendants established, prima facie, that the plaintiff did not know what had caused her to fall (see Miranda v Leone Realty, Inc., 179 AD3d at 1053; Hamoudeh v Mandel, 62 AD3d at 949), and that the subject staircase, which predated the 2003 and 2007 versions of the Building Code, was not required to be equipped with a handrail in the center (see Morrison v Apostolic Faith Mission of Portland, Or., 111 AD3d 684; Hyman v Queens County Bancorp, 307 AD2d 984, 986, affd 3 NY3d 743). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the sections of the 2003 and 2007 Building Code that she relied on applied to this staircase (see Baterna v Maimonides Med. Ctr., 139 AD3d 653, 654; LaPera v Montana, 124 AD3d 844, 845).
"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (Union v Excel Commercial Maintenance, 185 AD3d 869, 869). "A contractor may be said to have assumed a duty of care and, thus, be potentially liable in tort, to third persons when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm" (Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Christian v 709 Brighton Beach, LLC, 167 AD3d 704, 705). "Where such a duty is alleged, a defendant contractor moving for summary judgment has the burden of eliminating all material issues of fact, and establishing conclusively, that it did not launch a force or instrument of harm by negligently creating the dangerous or defective condition complained of" (Bruce v Edgewater Indus. Park, LLC, 169 AD3d at 754; see George v Marshalls of MA, Inc., 61 AD3d 925, 928).
Here, D'Alessandro established, prima facie, that it had no duty to erect a handrail in the center of the staircase by virtue of its limited service agreement with the Bethel defendants, and that it did not launch an instrument of harm simply by regrouting the staircase as it was contractually required to do (see Espinal v Melville Snow Contrs., 98 NY2d at 138). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the motion of the Bethel defendants which was for summary judgment dismissing the complaint asserted against them, and that branch of the separate motion of D'Alessandro which was for summary judgment dismissing the complaint asserted against it.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court