Xin Zheng Zhan v City of New York (2021 NY Slip Op 06646)





Xin Zheng Zhan v City of New York


2021 NY Slip Op 06646


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2019-00081
 (Index No. 21950/09)

[*1]Xin Zheng Zhan, et al., respondents,
v
City of New York, et al., appellants.


Georgia M. Pestana, Corporation Counsel, New York, NY (Aaron Bloom and Julie Steiner of counsel), for appellants.
Kevin Kerveng Tung, P.C., Flushing, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered October 25, 2018. The order granted the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate so much of a prior order of the same court (Howard G. Lane, J.) dated October 12, 2017, as granted that branch of the defendants' unopposed motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York.
ORDERED that the order entered October 25, 2018, is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate so much of the order dated October 12, 2017, as granted that branch of the defendants' unopposed motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York is denied.
On the evening of October 20, 2008, the plaintiff Xin Zheng Zhan (hereinafter the injured plaintiff) allegedly was riding home from work on a bicycle on Forest Park Drive inside Forest Park, in Queens, when he fell off his bicycle and sustained injuries. The injured plaintiff testified at a hearing pursuant to General Municipal Law § 50-h that he could not recall what caused his accident: the last thing he remembered "was going downhill"; he "didn't know anything [that] happened after that." He testified that "[w]hen [he] awakened afterwards [he] was in the ambulance already." He was unaware of whether there were any witnesses to his accident, and he did not know who called for an ambulance.
According to the injured plaintiff, 10 days after the accident, his wife went to Forest Park by herself and "took pictures." The next day, the injured plaintiff and his wife went to the park together, and he saw a "very deep" hole in the road in the area where he believed the accident had occurred. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against, among others, the defendant City of New York, alleging that an unsafe and defective road condition was the cause of the injured plaintiff's accident.
Following the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the City on two grounds: that the [*2]injured plaintiff was unable to identify the cause of his fall, and that the City had not received prior written notice of the roadway condition that allegedly caused the injured plaintiff's fall, as required by section 7-201(c)(2) of the Administrative Code of the City of New York. The plaintiffs failed to oppose the motion, and in an order dated October 12, 2017, the Supreme Court granted the motion.
The plaintiffs thereafter moved pursuant to CPLR 5015(a)(1) to vacate so much of the order dated October 12, 2017, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City. The Supreme Court granted the motion, concluding that the plaintiffs had "demonstrate[d] both a reasonable excuse for [their] default and a meritorious cause of action." The defendants appeal.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (BAC Home Loans Servicing, LP v Parone, 126 AD3d 923, 924 [internal quotation marks omitted]; see CPLR 5015[a][1]). Here, assuming that the plaintiffs proffered a reasonable excuse for their default in opposing the defendants' motion, they failed to demonstrate a potentially meritorious opposition to the defendants' motion.
"In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgement as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall" without resorting to speculation (Razza v LP Petroleum Corp., 153 AD3d 740, 741). Here, the injured plaintiff acknowledged at the General Municipal Law § 50-h hearing that he had no recollection of what caused his accident. He testified that he remembered riding his bicycle downhill somewhere on Forest Park Drive and waking up in an ambulance—but nothing in between. Given this lack of information, "it is just as likely that the accident [was] caused by some . . . factor [other than the conditions of the road], such as a . . . loss of balance" or control (Teplitskaya v 3096 Owners Corp., 289 AD2d 477, 478). Accordingly, a finding that the City's negligent maintenance of the roadway, if any, was responsible for the accident would be impermissibly based on speculation (see Ash v City of New York, 109 AD3d 854, 855).
Moreover, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the City by presenting evidence that the City Department of Transportation had not received prior written notice of the defective roadway condition that allegedly caused the injured plaintiff's accident (see Phillips v City of New York, 107 AD3d 774, 775). In support of their motion to vacate, the plaintiffs failed to raise a triable issue of fact on this issue (see Poirier v City of Schenectady, 85 NY2d 310, 314; Chirco v City of Long Beach, 106 AD3d 941, 942-943). Instead, they argued that the defendants had constructive or actual notice of the defect. But "actual and/or constructive notice . . . does not obviate the statutory requirement of written notice" (Lopez v Gonzalez, 44 AD3d 1012, 1013).
Accordingly, the Supreme Court should have denied the plaintiffs' motion to vacate so much of the order dated October 12, 2017, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court