Mancini v Nicoletta (2022 NY Slip Op 04961)

Mancini v Nicoletta

2022 NY Slip Op 04961

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2021-02823
 (Index No. 603153/18)

[*1]Anita Mancini, respondent,
v
Carmela Nicoletta, appellant.

The Di Pippo Law Group, LLC, Garden City, NY (Eric D. Mercurio of counsel), for appellant.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Justin S. Curtis and Beth S. Gereg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 14, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On December 21, 2017, at approximately 12:45 p.m., the plaintiff fell down a staircase inside a building owned by the defendant. As the plaintiff descended the stairs, there was a handrail on the right side but not on the left side of the staircase. The plaintiff commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, arguing that the plaintiff did not know what had caused her to fall and that the staircase, which only had one handrail, was not in violation of any applicable statute or code. The Supreme Court denied the motion, and the defendant appeals.
In a premises liability case, a defendant property owner moving for summary judgment can establish its prima facie entitlement to judgment as a matter of law on the issue of negligent maintenance by showing that the plaintiff cannot identify the cause of his or her accident (see Gaither-Angus v Adelphi Univ., 180 AD3d 875; Gani v Avenue R Sephardic Congregation, 159 AD3d 873, 874). "However, even if a plaintiff's fall is precipitated by a misstep, where the plaintiff testifies that he or she reached out to try to stop his or her fall, the absence of a handrail, if required by law, may raise an issue of fact as to whether the absence of the handrail was a proximate cause of his or her injury" (Jackson v Bethel A.M.E. Church, 192 AD3d 868, 869-870; see Palmer v Prima Props., Inc., 101 AD3d 1094, 1094-1095; Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710; Viscusi v Fenner, 10 AD3d 361, 362).
Here, the defendant established, prima facie, that the plaintiff did not know what had caused her to fall (see Jackson v Bethel A.M.E. Church, 192 AD3d at 870; Gaither-Angus v Adelphi Univ., 180 AD3d at 876). The defendant also established, prima facie, that the building was not subject to the particular code provisions relied upon by the plaintiff (see Lieb v Guzman, 134 AD3d [*2]913; Navarre v Ketcham, 122 AD3d 811; DeCourcey v Briarcliff Cong. Church, 104 AD3d 799, 801). In opposition, the plaintiff failed to raise a triable issue of fact as to whether there was an applicable statutory or code provision that required a second handrail on the staircase. The plaintiff also failed to raise a triable issue of fact as to whether the defendant breached her common-law duty to maintain the staircase in a reasonably safe condition by failing to install a second handrail (see DeCourcey v Briarcliff Cong. Church, 104 AD3d at 801; cf. DeCarlo v Vacchio, 147 AD3d 724; Swerdlow v WSK Props., Corp., 5 AD3d 587, 588; see generally Salazar v Kellari Parea, LLC, 189 AD3d 1490, 1491; Fishelson v Kramer Props., LLC, 133 AD3d 706, 708).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court