Cheprakova v Medicine Plaza, Inc. (2022 NY Slip Op 07434)

Cheprakova v Medicine Plaza, Inc.

2022 NY Slip Op 07434

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-03825
 (Index No. 501451/19)

[*1]Vera Cheprakova, appellant, 
v
Medicine Plaza, Inc., et al., respondents.

Alan Ripka & Associates, LLP, New York, NY (Andrey Demidov and Zachary Naidich of counsel), for appellant.
McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated April 29, 2021. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Medicine Plaza, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell inside a pharmacy operated by the defendant Medicine Plaza, Inc. (hereinafter Medicine Plaza), and owned by the defendant Ilene Realty, LLC. The defendants moved for summary judgment dismissing the complaint, inter alia, on the ground that the plaintiff was unable to identify what caused her to fall without resort to speculation. In an order dated April 29, 2021, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Medicine Plaza. The plaintiff appeals.
"In a premises liability case, '[a] defendant may . . . establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her injury without engaging in speculation'" (Mercurio v Dayton, 207 AD3d 456, quoting Marazita v City of New York, 202 AD3d 951, 953; see Redendo v Central Ave. Chrysler Jeep, Inc., 205 AD3d 1060, 1061-1062; Gaither-Angus v Adelphi Univ., 180 AD3d 875; Ash v City of New York, 109 AD3d 854, 855). "'Although proximate cause can be established in the absence of direct evidence of causation [and] . . . may be inferred from the facts and circumstances underlying the injury, [m]ere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action'" (Gaither-Angus v Adelphi Univ., 180 AD3d at 875, quoting Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Burrus v Douglaston Realty Mgt. Corp., 175 AD3d 461), Medicine Plaza established its prima facie entitlement to judgment as a matter of law dismissing the complaint [*2]insofar as asserted against it through the submission of the transcript of the plaintiff's deposition testimony, which demonstrated that she did not know what caused her to slip and fall (see Mercurio v Dayton, 207 AD3d at 456; Theard v G. Fazio Constr. Co., Inc., 192 AD3d 942, 944; Gaither-Angus v Adelphi Univ., 180 AD3d at 876). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, neither the expert report which she submitted in opposition, nor the surveillance footage of the accident, were sufficient to raise a triable issue of fact as to the cause of her fall (see Ash v City of New York, 109 AD3d at 856).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Medicine Plaza.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court