Lucas v Genting N.Y., LLC (2024 NY Slip Op 02529)

Lucas v Genting N.Y., LLC

2024 NY Slip Op 02529

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2020-07274
 (Index No. 705927/18)

[*1]William T. Lucas, etc., appellant, 
v
Genting New York, LLC, etc., respondent, et al., defendant.

Jacobs P.C., Kew Gardens, NY (Eduard Kushmakov of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Antony Lembersky of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 14, 2020. The order, insofar as appealed from, granted the motion of the defendant Genting New York, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On the evening of November 15, 2017, Alice Lucas (hereinafter the decedent) allegedly fell on an exterior walkway within the property of the defendant Genting New York, LLC (hereinafter Genting). The decedent commenced this action against Genting and another defendant. Genting moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the decedent was unable to identify the cause of her fall. The Supreme Court, inter alia, granted Genting's motion. During the pendency of the appeal, the decedent died, and William T. Lucas, as executor of her estate, was substituted as the plaintiff.
In a trip-and-fall or slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Grande v Won Hee Lee, 171 AD3d 877, 878; Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983; Ash v City of New York, 109 AD3d 854, 855). Here, Genting established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the cause of the decedent's fall without engaging in speculation (see Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 864; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827). At her deposition, the decedent testified that she did not know whether she slipped or tripped and that she did not know what had caused her to fall.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the area at issue was not properly illuminated failed to raise a triable issue of fact since the plaintiff did not assert that the alleged inadequate lighting condition was the proximate [*2]cause of the decedent's fall (see Bishop v Marsh, 59 AD3d 483; Wright v South Nassau Communities Hosp., 254 AD2d 277, 278). Additionally, it would be speculative to conclude that any of the alleged building code violations or dangerous conditions set forth in the affidavit of the plaintiff's expert, even if fully credited, were a proximate cause of the decedent's fall (see Miranda v Leone Realty, Inc., 179 AD3d 1052, 1053; Burns v Linden St. Realty, LLC, 165 AD3d 876, 877; Thompson v Commack Multiplex Cinemas, 83 AD3d 929, 930; Reiff v Beechwood Browns Rd. Bldg. Corp., 54 AD3d 1015; Plowden v Stevens Partners, LLC, 45 AD3d 659, 660-661).
Accordingly, the Supreme Court properly granted Genting's motion for summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court