| |
|---|
| **Curr v Saks Fifth Ave., LLC.** |
| 2024 NY Slip Op 33300(U) |
| September 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161093/2019 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __HON. PAUL A. GOETZ__                    PART                    47

                                              *Justice*

-----------------------------------------------------------------------------X

SUSAN CURR,                                   INDEX NO.          161093/2019

                          Plaintiff,          MOTION DATE        02/26/2024

              - v -                           MOTION SEQ. NO.        001

SAKS FIFTH AVENUE, LLC., GILBANE BUILDING
COMPANY,                                          **DECISION + ORDER ON
                                                        MOTION**
                          Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 46, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70

were read on this motion to/for             JUDGMENT - SUMMARY             .

In this action arising from a department store employee's trip and fall over a floor mat,

defendant Gilbane Building Company (Gilbane) moves pursuant to CPLR § 3212 for summary

judgment on the cause of action for negligence brought against it by plaintiff and the crossclaims

brought against it by defendant Saks Fifth Avenue LLC (Saks).

## BACKGROUND

Plaintiff began working as a sales associate for Saks, a department store located at 611

Fifth Avenue, New York, NY 10022, in 2016 (NYSCEF Doc No 31, 9:13-21). From the time

plaintiff started and up through the date of her accident, Gilbane was working on an electrical

upgrade which required frequent use of the employee-only section of the store (*id.*, 17:4-8,

10:21-24; NYSCEF Doc No 33, 10:14-19). Saks placed protective mats (provided by Gilbane)

on the floor of the employee entrance/exit hallway, since it was also used by Gilbane workers

who carried construction materials in and out of the store with them (*id.*, 11:10-17; NYSCEF

Doc No 33, 16:20-17:5). Plaintiff alleges that she notified Saks security guards on multiple

**161093/2019   CURR, SUSAN vs. SAKS FIFTH AVENUE, LLC.**                    **Page 1 of 6**
**Motion No.  001**

[* 1]

occasions that the mats were not properly secured to the floor, as the tape under the mat's edges had worn out or was missing in places; security advised that the maintenance team would fix it, but plaintiff's complaints were not addressed (*id.*, 13:12-14:17; NYSCEF Doc No 65, 94:3-10).

On October 15, 2018, plaintiff was on her way out of the store through the employee entrance/exit hallway (*id.*, 9:22-10:12). As she walked, she tripped over a protruding edge of the mat, which was still not secured, and fell forward to the floor, injuring her knees, wrists, and left shoulder (*id.*, 9:22-10:2, 19:8-12; NYSCEF Doc No 1, ¶ 11). Plaintiff filed separate lawsuits against Saks (NYSCEF Doc No 1) and Gilbane (NYSCEF Doc No 35) for negligence, and the actions were consolidated by decision and order dated April 5, 2023 (NYSCEF Doc No 38).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). "The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). If there is any doubt as to the

**161093/2019   CURR, SUSAN vs. SAKS FIFTH AVENUE, LLC.**
**Motion No.  001**

**Page 2 of 6**

2 of 6

existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

    i.       *Plaintiff's Negligence Claim Against Gilbane*

Gilbane argues that there is no basis for plaintiff's negligence claim as against it because Gilbane did not create the hazardous condition that caused plaintiff's accident (NYSCEF Doc No 28). It asserts that, while Gilbane agreed to "provide a suitable protective covering of all finished floors . . . where the Work is being performed" (NYSCEF Doc No 40, § 26.D), and did in fact provide the protective mats, "the laying down of the mat flooring, and its permanent attachment to the concrete below, preceded the construction on the site, and [] it was Saks itself, and not Gilbane, who put down the flooring or had it installed" (*id.*; NYSCEF Doc No 32, 72:4-9 [Saks assistant general manager Jim Lostuto stating that the flooring at the time of plaintiff's accident was in place prior to renovation]; NYSCEF Doc No 33, 15:7-22 [Gilbane project manager Doug Lawson stating that "[t]here was a surface mat that Saks had put in place"]). Gilbane further asserts that as an independent contractor, it owed no duty to third parties such as plaintiff. Plaintiff argues that whether Gilbane installed the matting/flooring is irrelevant, as the "evidence [shows] that Gilbane was performing extensive renovations . . . when [and where] plaintiff fell," which could have created or exacerbated the hazardous condition (NYSCEF Doc No 62). She also argues that Gilbane failed to demonstrate its lack of notice of the hazardous condition, as it offered no evidence as to when the mat was last inspected prior to plaintiff's accident.

There are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care--and thus be potentially liable in tort--to third persons," including, as alleged by plaintiff, "where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launches a force or instrument of harm'"

(*Espinal v Melville Snow Constrs.*, 98 NY2d 136, 140 [2002], citing *H.R. Moch Co. v Rensselaer Water Co.*, 247 NY160, 168 [1928]). "Where such a duty is alleged, a defendant contractor moving for summary judgment has the burden of eliminating all material issues of fact, and establishing conclusively, that it did not launch a force or instrument of harm by negligently creating the dangerous or defective condition complained of" (*Bruce v Edgewater Indus. Park, LLC*, 169 AD3d 753, 754 [2nd Dept 2019]).

Here, Gilbane has demonstrated that there is no triable issue of fact as to whether it created "launche[d] a force or instrument of harm" because the mats it supplied were not defective except in the way that they were installed and/or maintained, and the mats were installed and/or maintained by Saks, not Gilbane. Plaintiff's allegation that Gilbane may have "create[d] a dangerous condition in damaging the mats/causing the tape to [be] removed or worn" (NYSCEF Doc No 62) is merely speculative and therefore insufficient to raise an issue of fact (*Razza v LP Petroleum Corp.*, 153 AD3d 740 [2nd Dept 2017] ["plaintiff testified [] that when she exited the convenience store, her left foot went underneath the floor mat, causing her to trip and fall. While [she] assumed that a leaf blower operated by an employee of CML caused the mat to lift up immediately prior to her fall, she did not see anyone in the area using a leaf blower prior to her fall and she never observed the mat lift up from the ground" and therefore failed to raise an issue of fact as to CML's liability]). Accordingly, the part of Gilbane's motion seeking summary judgment on plaintiff's negligence claim as against it will be granted.

ii.      *Saks's Crossclaims Against Gilbane*

Saks notes that it has not brought any crossclaims against Gilbane (NYSCEF Doc No 59). In reply, Gilbane "[a]dmit[s] Saks is correct [and] therefore withdraws that portion of its

**161093/2019   CURR, SUSAN vs. SAKS FIFTH AVENUE, LLC.**                                                              **Page 4 of 6**
  **Motion No.  001**

[* 4]                                                        4 of 6

[motion]" (NYSCEF Doc No 70). Accordingly, the part of Gilbane's motion seeking summary judgment on Saks's crossclaims as against it will be permitted to be withdrawn.

## CONCLUSION

Based on the foregoing, it is

ORDERED that the part of Gilbane's motion seeking summary judgment on plaintiff's claim as against it is granted, and Gilbane is dismissed from this action; and it is therefore

ORDERED that the caption in this matter is hereby amended as follows:

SUSAN CURR,

Plaintiff,

- v –

SAKS FIFTH AVENUE, LLC.,

Defendant.

And it is further

ORDERED that all papers, pleadings, and proceedings in the above-entitled action be amended in accordance with this change, without prejudice to the proceedings heretofore had herein; and it is further

ORDERED that defendant Gilbane Building Company shall, within 30 days of entry of this order, serve a copy of this order with notice of entry upon the County Clerk and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse*

**161093/2019   CURR, SUSAN vs. SAKS FIFTH AVENUE, LLC.**                     **Page 5 of 6**
  **Motion No.  001**

*and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the part of Gilbane's motion seeking summary judgment on Saks's crossclaims as against it is permitted to be withdrawn.

20240920163701PGOETZI07EE5D5AF0014F7693F3FB7A05A1159C

| **9/20/2024** | | | |
|---|---|---|---|
| **DATE** | | **PAUL A. GOETZ, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161093/2019   CURR, SUSAN vs. SAKS FIFTH AVENUE, LLC.**
**Motion No.  001**

Page 6 of 6

6 of 6

[* 6]