Hernandez v 38-09 Junc. Realty, LLC (2025 NY Slip Op 01913)

Hernandez v 38-09 Junc. Realty, LLC

2025 NY Slip Op 01913

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2022-05006
 (Index No. 714742/17)

[*1]Zorayda Hernandez, appellant, 
v
38-09 Junction Realty, LLC, respondent, et al., defendants.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Eric D. Feldman (Fabiani Cohen & Hall, LLP, New York, NY [John V. Fabiani, Jr., and Ann-Gail B. Hult], of counsel), for respondent.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jane L. Gordon and MacKenzie Fillow of counsel), for defendant City of New York.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered June 23, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant 38-09 Junction Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured in August 2016 when she tripped and fell on a raised tile or brick while walking toward the subway station located at the corner of Junction Boulevard and Roosevelt Avenue in Queens. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants 38-09 Junction Realty, LLC (hereinafter 38-09 Junction), City of New York, and New York City Transit Authority (see Hernandez v 38-09 Junction Realty, LLC, _____ AD3d _____ [Appellate Division Docket No. 2022-05534; decided herewith]). Following the completion of discovery, 38-09 Junction moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that the plaintiff was unable to identify the cause of her fall without engaging in speculation. In an order entered June 23, 2022, the Supreme Court, inter alia, granted that branch of 38-09 Junction's motion. The plaintiff appeals. We affirm.
"In a premises liability case, a defendant ordinarily establishes its entitlement to summary judgment by showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Barretta v Michaels Stores, Inc., 230 AD3d 1208, 1209 [internal quotation marks omitted]; see Alvarez v Staten Is. R.T. Operating Auth., 225 AD3d 830, 830). However, a defendant can demonstrate its prima facie entitlement to summary judgment by showing "that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Barretta v Michaels Stores, Inc., 230 AD3d at 1209 [internal quotation marks [*2]omitted]; see Buckstine v Schor, 213 AD3d 730, 731). "A plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Osmolska v Giuseppa Morreale Family Trust, 230 AD3d 594, 595 [alteration and internal quotation marks omitted]; see De Rose v Anna & Rose Realty Co., LLC, 219 AD3d 700, 701).
Here, 38-09 Junction established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting, among other things, transcripts of the plaintiff's deposition testimony and related exhibits which demonstrated that she could not identify the cause of her fall without engaging in speculation (Barretta v Michaels Stores, Inc., 230 AD3d at 1209). The plaintiff expressly testified that she did not see a raised brick or tile before or after she fell (see Mallen v Dekalb Corp., 181 AD3d 669, 670; Razza v LP Petroleum Corp., 153 AD3d 740, 742). In opposition, the plaintiff failed to raise a triable issue of fact (see Gaither-Angus v Adelphi Univ., 180 AD3d 875, 876; Fortune v Raritan Bldg. Servs. Corp., 175 AD3d 469, 470).
Accordingly, the Supreme Court properly granted that branch of 38-09 Junction's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court